Beall v. Beall.

conduces to show that he did not intend it should take a present joint interest with the mother.

None of the cases referred to by counsel for appellant are of that character, except the case of Powell v. Powell. We have examined the deed construed in that case, and find that, like the deed in Webb v. Holmes, it was a deed *inter parties* between Colvin, of the one part, and Mrs. Powell of the other. It was held in Webb v. Holmes and Foster v. Shreve that, under such a deed, the wife took only a life-estate, and it would have been so held in the Powell case, no doubt, if the question had been made, and the attention of the court had been called to the former case; but the child claimed only one half of the estate, and the case of Webb v. Holmes does not appear to have been cited.

That it was not intended to overrule Webb v. Holmes is shown not only by the fact that that case was not mentioned, but by the further fact that Foster v. Shreve was decided afterward and approved, and followed Webb v. Holmes.

Judgment affirmed.

---

CASE 122—EQUITY—FEBRUARY 3, 1883.

# Beall v. Beall.

APPEAL FROM WARREN CIRCUIT COURT.

1. Although this court has no revisory power over a judgment of divorce, it will determine whether an allowance made to the wife by the chancellor is proper. When it clearly appears that the divorce is improperly granted, not even the smallest sum will be allowed.

2. When a divorce is asked by the wife on the ground of cruelty, the habitual behavior of the husband must show that he entertains a settled aversion to her.

---

---

3. A judgment for alimony amounting to one third of the husband's. estate is excessive.

R. S. BEVIER, J. H. BOWDEN, AND WILBUR F. BROWDER FOR APPELLANT.

1. The elements of the cause of divorce in this case are, that the treat-- ment of the husband must be cruel and inhuman, it must continue six months, and it must indicate a settled aversion to the wife.

2. The proof does not sustain the allegations of the petition; on the contrary, although the appellant was rough in his conduct, it is shown that he was kind to appellee.

3. To adjudge against him a divorce was wrong; to take one third of his estate for alimony is excessive, and by no means authorized by the evidence. (Gen. Stat., chap. 52, art. 3, secs. 1 and 5; Boggess v. Boggess, 4 Dana, 308; Thornberry v. Thornberry, 2 J. J. Mar., 322; Griffin v. Griffin, 8 B. Mon., 121; Adams' Eq., 137; Bush v. Bush, 37 Ind.; Am. Law Reg., N. S., vol. 12, p. 525; Fishli v. Fishli, 2 Litt., 337; 4 Litt., 251; Pence v. Pence, 6 B. Mon., 499.)

A. G. RHEA FOR APPELLEE.

1. The brutality of appellant to his wife when she was sick and suffering is amply shown by the proof. In the natural course of his conduct, violence to her person is reached by appellant. The evidence clearly shows such conduct as made it absolutely impossible for her to live with him.

2. He is shown to be worth between fifteen and twenty thousand dollars, and, under all the circumstances, the alimony adjudged is reasonable. (Gen. Stat., title Husband and Wife; Quisenberry v. Quisenberry, 1 Duv., 198; Fishli v. Fishli, 2 Litt., 337; Pence v. Pence, 6. B. Mon., 499; Thornberry v. Thornberry, 4 Litt., 258.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

One of the grounds for a divorce on the part of the wife, when not in *like fault*, is "the habitual behavior towards her by the husband for not less than six months, in such cruel and inhuman manner as to indicate a settled. aversion to her, or to destroy permanently her peace and. happiness." (General Statutes, chapter 52, subsection 2 of article 3.)

In this case the appellee, Lucy Beall, filed her petition in. the Logan circuit court against her husband, Geo. R. Beall,

Beall v. Beall.

for a divorce and alimony, and on the final hearing a judg-ment of divorce from the bond of matrimony was granted, and a further judgment, in the way of alimony, for $3,500.

The husband has appealed from the judgment as to the alimony, and insists that, upon the facts of the record, she was not entitled to a divorce, and therefore no allowance should have been made her for support and maintenance out of his estate; and further, that if an allowance was proper, the sum awarded is for a greater sum than she is entitled to, and should be reduced.

It is provided in section 6 of article 3, chapter 52, Gen-eral Statutes, ''if the wife have not sufficient estate of her own, she may, on a divorce obtained by her, have such an allowance out of that of her husband as shall be deemed equitable, and be restored to the name she bore before mar-riage, if she desire it.''

It would seem to follow, that if the ground for a divorce had not been made out by the testimony, that no allowance for alimony should have been made; but the chancellor in this case has determined from the facts before him that the appellee was entitled to a divorce, and upon rendering the judgment in the exercise of the power given him by the statute, or that he could have exercised regardless of the statute, proceeded to make to the wife the allowance com-plained of.

This court has no revisory power over a judgment of divorce, but may determine whether the allowance made the wife by the chancellor was, under all the circumstances of the case, proper, and if excessive, considering the pecu-niary condition of the husband, will reverse the judgment that the error may be corrected; nor are we prepared to say that this court would approve an allowance for even the

smallest sum, when it clearly appeared from the record that
the divorce was improperly granted.    It should appear that:
the habitual behavior of the husband to the wife was such
as showed a settled aversion to her.    Hatred and bad treat-
ment must be the rule of his conduct towards her, and his,
exhibition of affection for her the exception, in order to
entitle the wife to relief upon that ground; but while the
husband may now and then manifest such an affection for
the wife as to negative the idea that he has lost all regard
for her, still if his cruel and inhuman conduct towards her
is such as to destroy permanently her peace and happiness,
the wife is entitled to a divorce.

We are inclined to conclude, from a careful reading of
the testimony, that the appellant loved his wife, and that
his continued and persistent efforts to bring about a recon-
ciliation were not feigned but real.    He was a man but little
fitted for social life, and his rough exterior, with a vulgar
and profane mannerism, had but little attraction for a mel-
ancholy and sensitive wife.    She knew, however, the man
before she married him.    They were own cousins, and the
testimony conduces to show that, after the marriage, she
entertained the belief that the marriage of cousin with
cousin was prohibited by the divine law, and this fact con-
nected with her bad health, and the want of sympathy on
the part of her husband, aided greatly, no doubt, in the
destruction of her peace and happiness.    They had been
married for eight or ten years; she was without children,
and in a boarding-house, where many were ready to increase
her sorrows by talking about the want of attention on the
part of her husband, and, as kind friends sometimes do,.
increase, instead of mitigating her sufferings.    The hus-
band, knowing her sensitive condition, often spoke uncivilly

to her, used the most profane and vulgar language in her presence, neglected her in many instances, and while there is room for a difference of opinion as to the cause of her constant unhappiness, the chancellor below, who knew the parties and their surroundings, has annulled the marital relation upon the ground that the happiness of the wife has been destroyed by the cruel conduct of the husband, and we are not disposed to adjudge that his judgment is. without evidence to support it.

The chancellor has given to the wife as alimony one third in value of the husband's estate, and to require him to raise the money upon the judgment would likely result in the sacrifice of at least one half of what he owns. The father· of the appellee is yet living, and in good circumstances; she brought no estate to the husband, and with a record before us impressing the mind with the belief that, perhaps, the wife· has, to some extent, contributed to bring about her own misfortune, a much smaller sum should have been allowed for her future support.

In the case of Fishli v. Fishli, reported in 2 Littell, where there were no children, and no alleviating circumstances in favor of the husband, a decree for one third of the real estate during life, and half of the personal estate, was given: absolutely to the wife as alimony. In that case it was. charged that the wife was not possessed of that attribute of female character in which its excellence consists, and that the husband refused to disclose what estate he had.

In the case of Thornberry v. Thornberry, reported in 4 Littell, the parties had lived together for thirty-five years,. and by their joint exertions had accumulated the estate. The separation was caused by the unprovoked and harsh

Beall v. Beall.

treatment of the wife, and the case one of great aggravation on the part of the husband.

In the case of Pence v. Pence, reported in 6 B. Monroe, the complainant's estate was worth $12,000 to $13,000. He sought the divorce from his wife on the ground of abandonment, and obtained a judgment. The wife appealed from the judgment because she failed to get an allowance out of his estate, insisting that the abandonment originated from his bad treatment. The wife had an estate of about $1,000 that was given her by the court below, and on the appeal the husband was decreed to pay the additional sum of $750, making in all $1,750. These cases indicate that the chancellor, by reason of the brutal treatment of the wife in the one case, would inflict a sort of punishment on the husband by taking from him more of his estate than he would in a case where there is some palliation for the wrong. Whether so or not, the facts of each particular case will at least control the chancellor in determining the amount of the allowance to be made.

In this case there are many palliating circumstances on the side of the husband, and it is needless to say that exhibitions of temper on the part of either husband or wife, or occasional quarrels between them, that render the marriage relation unpleasant, are not sufficient grounds, even if clearly established, to authorize a dissolution of the marriage relation. . Language that may pain a sensitive woman, or the manners of a husband that may appear rough and vulgar in contrast with those educated in the refinements of social life, constitute no ground for a divorce. . The treatment of the wife by the husband must be so cruel and inhuman as to permanently destroy her peace and happiness, or such

as to indicate a settled aversion to her. In our opinion, an allowance of $2,000 is ample under the facts of this case.

The judgment for $3,500 is reversed, and cause remanded, with directions to make the allowance as indicated.