GEORGE R. BEALL *v.* LUCIE BEALL.

[Abstract Kentucky Law Reporter, Vol. 5—371.]

**Costs in Divorce Case.**

   In judgments for alimony and divorce the husband is required to pay the costs unless it shall be made to appear in the action the wife is in fault and has ample estate to pay the same, but where both parties are at fault and the means of the husband are very limited and the wife resides with parents who are amply able to provide for her, and besides she is given $2,000 as alimony, the costs may be assessed against the wife.

APPEAL FROM LOGAN CIRCUIT COURT.

October 6, 1883.

OPINION BY JUDGE PRYOR:

This action was instituted by the wife in the court below for a divorce and alimony, and by the judgment she obtained a divorce and was allowed as alimony the sum of $3,500. *Beall v. Beall,* 80 Ky. 675, 4 Ky. L. 652. The husband appealed to this court from the judgment giving to the wife alimony and the sum was reduced to $2,000 and on the reversal the appellee, the wife, was adjudged to pay the costs. A motion is now made to correct the entry of the judgment for costs against the appellee on the ground that it was

a clerical misprision. The statute provides that "In actions for alimony and divorce the husband shall pay the costs of each party, unless it shall be made to appear in the action the wife is in fault, and has ample estate to pay the same." Gen. Stat. 1881, ch. 26, § 28.

Without discussing what errors may be committed upon motions because they are clerical only, it is sufficient to say that the statute cited, requiring a judgment for costs against the husband where a divorce and alimony has been granted the wife, provides that this shall be done unless it appear in the action that the wife is in fault and has ample estate to pay the same. The appellee, when judgment was rendered against her in this court, was a feme sole, and the attention of the court when reversing the judgment she obtained must necessarily have been called to the statute. The opinion clearly intimates that the cause for the unfortunate separation attached to both parties, and the means of the husband being limited and the wife residing with parents amply able to provide for her, this court regarded the $2,000 looking to the husband's pecuniary condition as ample provision for the wife subject to the deduction of the costs incurred by the husband in reversing the judgment.

In determining what is ample provision the character and value of the estate of the husband must be ascertained, and with the facts contained in the record before us we should not have reversed the judgment below at the instance of the wife, if she had been compelled to pay her own costs in a judgment when she had obtained a divorce and alimony.

Motion *overruled.*

*Browder & Edwards,* for appellant.

*A. G. Rhea,* for appellee.