## Pemberton v. Pemberton.

(Decided April 13, 1916).

### Appeal from Hopkins Circuit Court.

1. Divorce—Review—Scope.—The Court of Appeals has no power to reverse a decree of divorce, but may consider the evidence and determine whether or not alimony was properly awarded.

2. Divorce—Alimony—Grounds—Sufficiency of Evidence.—In an action by the wife for divorce and alimony, evidence considered and held that alimony was properly awarded.

3. Divorce—Alimony—Amount of Award.—In an action for divorce and alimony, evidence considered and held that an allowance of $5,000.00 to the wife as alimony was not unreasonable.

4. Divorce—Alimony—Maintenance Pending Appeal—Authority of Chancellor.—Under section 424 of the Civil Code and section 2121 of the Kentucky Statutes, empowering circuit courts to grant the wife maintenance during the pendency of an action for divorce, that court may grant maintenance pending an appeal.

5. Divorce—Attorney's Fees—Reasonableness—Suit for Divorce and Alimony.—In an action for divorce and alimony, the record considered and held that an allowance to the attorneys for plaintiff of $750.00 was excessive and that the allowance should be reduced to $400.00.

LAFOON & WADDILL and JONSON & JENNINGS for appellant.

GORDON, GORDON & COX and VIRGIL Y. MOORE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

In this action for divorce and alimony by Lucy Pemberton against her husband, John Henry Pemberton, plaintiff was granted a divorce and awarded alimony in the

sum of $5,000.00. She was also awarded the sum of $30.00 per month as maintenance, pending this appeal, and her attorneys' fees were fixed at $750.00. Before the appeal was perfected the defendant died and, by agreement, the action was revived in the name of his administratrix.

Appellant insists that plaintiff was not entitled to alimony; that the fee allowed her attorneys is excessive; and that the chancellor was without authority to award her maintenance pending the appeal.

While we have no power to reverse the decree. of divorce, we may, nevertheless, consider the evidence and determine whether or not alimony was properly awarded. Beall v. Beall, 80 Ky. 675; Evans v. Evans, 93 Ky. 510; 20 S. W. 605; Anderson v. Anderson, 152 Ky. 773, 154 S. W. 1.

It would serve no good purpose to set out at length the evidence bearing on the relations of the parties. We have examined the record with great care and conclude that the charge of cruel and inhuman treatment is not only made out by the testimony of plaintiff's witnesses, but is, in a large measure, sustained by the admissions of the defendant himself. It clearly appears that defendant drank to excess, and while in this condition, and occasionally when sober, he abused and handled his wife in a very rough and offensive manner and took advantage of numerous opportunities to humiliate her when in the presence of her friends. While defendant's evidence tends to show that his wife took delight in picking a fuss with him and frequently beat him with clothes brushes and other articles, we are not inclined to place much credence in these statements. It does not appear reasonable that a man, whose temper was such that he would disconnect the telephone wires and drive his wife from the telephone merely because he was irritated by the fact that she talked too long, and who weighed about one hundred and eighty pounds, would submit to a beating at the hands of his wife, who weighed only about one hundred and ten pounds. While it may be that she reprimanded him when he was drinking, this is certainly a privilege which the law will not deny to the wife under such circumstances, or hold that it constitutes such a grievous fault on her part as to deprive her of the right of alimony.

We shall next consider whether or not the alimony allowed was reasonable. At the time of the award defendant's estate had a net market value of about $22,000.00. Besides this, he had an expectancy of equal, if not greater value. He, plaintiff, and an infant son by a former marriage were the only members of his family. Plaintiff had no property of any kind. It, therefore, appears that the allowance made plaintiff was less than one-fourth of the estate which he actually owned. Under these circumstances, we cannot say that the allowance is excessive.

The further point is made that the chancellor was without authority to award plaintiff maintenance pending the appeal. Both by the Civil Code and by the statutes the circuit court is empowered to grant the wife maintenance during the pendency of an action for divorce and alimony. Civil Code, section 424; Kentucky Statutes, section 2121. An action is pending whether in the circuit court or here on appeal. We, therefore, conclude that the circuit court has the power to grant maintenance pending the appeal. This view is sustained by the weight of authority. Gay v. Gay, 146 Cal. 237, 79 Pac. 885; State v. District Ct., 31 Mont. 511, 79 Pac. 13; Maxwell v. Maxwell (W. Va.) 67 S. E. 379, 27 L. R. A. (N. S.) 712, 1 R. C. L., Sec. 20, page 882. Since plaintiff was without means of support, we conclude that the chancellor did not err in allowing her maintenance in the sum of $30.00 per month pending the appeal.

Lastly, it is contended that the fee allowed plaintiff's attorneys is unreasonable. It appears that plaintiff's counsel offered to submit proof on the question, but defendant's attorneys announced to the court that they were willing for the court to fix the amount of the attorneys' fee from his knowledge of the record gained from the trial of the cause, and on submission of the motion for an allowance the chancellor fixed the fee at $750.00. By agreeing to dispense with the necessity for proof and to let the chancellor determine the amount of the fee from his knowledge of the record, defendant's counsel did not waive defendant's right to appeal from the chancellor's decision. This court, therefore, has the right to consider the same record and determine whether or not the fee allowed is reasonable. After carefully examining the record and giving due consideration to the character and extent of the services which it shows that

plaintiff's attorneys rendered, as well as to the amount of property involved, we conclude that the allowance of $750.00 is excessive. On the return of the case the chancellor will fix the fee at $400.00 as full compensation for all services performed by plaintiff's counsel.

Judgment reversed and cause remanded for proceedings consistent with this opinion.