## Logan v. Logan.

(Decided September 20, 1916.)

### Appeal from Carter Circuit Court.

1. Divorce—Jurisdiction to Review Judgment—Alimony.—While the Court of Appeals has no jurisdiction to review a judgment granting a divorce, it may examine the facts shown by the record for the purpose of passing on the correctness of the amount of alimony awarded.
2. Divorce—Cruel Treatment.—An unfounded charge of adultery against the wife, made by the husband in his answer and cross-petition, considered in connection with other proof of his cruel treatment to her, is sufficient to sustain a charge of cruel treatment.
3. Divorce—Alimony.—Where a husband has an estate of $2,000.00, an allowance of $500.00 to his wife as alimony, is not excessive.

HENRY L. WOODS for appellant.

JOHN M. WAUGH and E. H. FITCH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Affirming.

The appellee, who was the plaintiff below, obtained a judgment divorcing her from the appellant and granting her alimony in the sum of $500.00. This court has no jurisdiction to review the judgment granting the divorce. Ky. Sts., sec. 950. But from so much of the judgment as granted alimony, the appellant prosecutes this appeal; and upon that appeal we may examine the facts shown by the record for the purpose of passing on the correctness of the amount of alimony awarded. Sebastian v. Rose, 135 Ky. 197; Griffin v. Griffin, 154 Ky. 770. The petition charged the statutory grounds of cruel treatment and habitual drunkenness upon the part of the husband.

In support of his appeal, appellant insists there was no proof to sustain either charge, and consequently, that no alimony should have been granted.

In the brief for the appellee it is conceded that the plaintiff failed to sustain the charge of drunkenness. She insists, however, that the charge of cruel treatment has been sustained by her testimony, although she stands uncorroborated upon this issue.

Under section 606 of the Civil Code of Practice as amended by the Act of 1912, the wife was a competent witness upon the issue of cruel treatment. Furthermore, the answer of the husband contains a counterclaim which charges the wife with unchastity; but no attempt has been made to sustain that charge.

Under the rule announced in Rogers v. Rogers, 13 Ky. L. R. 526, 17 S. W. 573, this unfounded charge of adultery against the wife, made by the husband in his answer and cross-petition, considered in connection with the other proof of his cruel treatment of her, is sufficient to sustain the charge of cruel treatment. See also, Hooe v. Hooe, 122 Ky. 590, 5 L. R. A. (N. S.) 729. The claim, therefore, that there was a total failure of proof upon the issue of cruel treatment is not sustained by the record; and, consequently, the further contention that where the judgment of divorce is not sustained by any proof no alimony will be allowed, is without merit.

The case therefore recurs to the amount of alimony that should have been allowed the appellee. The proof shows that the appellant has a net estate of about $2,000.00. An allowance to the wife of $500.00, or 25 per cent. of the husband's estate, was not unreasonable, under the facts of this case. Hooe v. Hooe, *supra;* Green v. Green, 152 Ky. 486.

Judgment affirmed.