## Morris v. Morris.

(Decided December 9, 1921.)

### Appeal from Calloway Circuit Court.

1. Divorce—Review.—While no appeal lies from a judgment of the circuit court granting an absolute divorce this court has the power to review the correctness of such a judgment for the purpose of determining whether or not alimony was properly awarded or refused.

2.   Divorce—Alimony.—The evidence in this case was insufficient to warrant the granting of the divorce. It was, therefore, not error for the court to refuse an award of alimony.

THOMPSON & SPEIGHT for appellant.

WELLS & KEYS for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The appellant, V. J. Morris, brought this action against appellee, Chester Morris, on February 6th, 1920, in the Calloway circuit court for divorce. Appellant based her action on cruel and inhuman treatment and asked that she be allowed the sum of $500.00 as alimony and $100.00 as a fee for her attorneys. The appellee answered, denying the alleged cruel and inhuman treatment and in the second paragraph of the answer he averred that the plaintiff abandoned his home without any cause or fault on his part and alleged his willingness and ability to care for and support her and his desire that she return to and live with him. These allegations were denied by appellant.

The circuit court granted appellant a divorce and gave judgment against appellee for the cost in the case, including an attorney's fee of $40.00, but failed to adjudge appellant any alimony. She prosecutes this appeal complaining of the judgment and insisting on an allowance of alimony to the amount claimed in the petition and to an attorney's fee as originally claimed.

The law is well settled in this state, as declared by section 950 of Kentucky Statutes, that there can be no appeal to this court from a judgment granting an absolute divorce, but this court has frequently held that it has the power to review the correctness of such a judgment for the purpose of determining whether or not alimony was properly awarded or refused. (Anderson v. Anderson, 152 Ky. 773; Pemberton v. Pemberton, 169 Ky. 476; Logan v. Logan, 171 Ky. 115; Caudill v. Caudill, 172 Ky. 461; Axton v. Axton, 182 Ky. 286.)

It is also the rule that in an action for divorce the right to alimony will follow if the wife, without fault on her part, is granted the divorce. (Tilton v. Tilton, 16 Ky. Law Reporter 539; Day v. Day, 168 Ky. 68.)

It is, therefore, necessary in deciding this case to consider the evidence on which the decree of divorce was based. The appellant was seventeen years of age when

she was married to the appellee in Chester county, Tennessee on January 24, 1918. The appellee was twenty-one years old at that time. After marriage they moved to Calloway county where they lived together until June, 1919, when appellant left the home of appellee and returned to her parents and on February 20, 1920, she filed this action.

As stated, the ground for the relief sought was cruel and inhuman treatment. In support of her allegations in that respect, appellant testified that on the day she separated from her husband he told her that she had to leave, that she would not do anything and there was nothing to her and that if she did not leave he "would stamp her insides out;" also that they had many quarrels and during the six months preceding their separation he often cursed her and told her that she would not do as his mother wanted her to do, that he was hard to please and was generally mad, and in the latter part of their married life she was afraid of him. She made no claim of physical violence or maltreatment other than indicated.

Aside from appellant's testimony the evidence introduced in support of her charges is meagre. One witness testified that the appellee said, some time after the separation, that he had seen his wife as she was leaving and when she informed him that she was leaving he cursed her and told her to go on. That testimony, however, is not corroborated by the other two witnesses introduced by appellant, both of whom related the conversation between the husband and wife at that time and their testimony shows that he merely inquired where she was going and she replied that she was doing what he had told her to do that morning.

The appellee denied the charge of cruel and inhuman treatment and testified that he had always been kind to and considerate of his wife; that their married life had been happy so far as he knew until the very day that they separated; that on that day there had been some discussion as to whether or not he would return in time to take her to church that night and he assured her that he would and when he returned he met her leaving the home. His testimony as to the kindness with which she had been treated is corroborated by a number of witnesses who were neighbors and who had frequently seen the two in their home and elsewhere. All these witnesses testified that appellant and appellee seemed to be happily married

and that appellee never manifested any unkindness in their presence.

Neither of the parties had any property to speak of at the time of their marriage, but it is admitted in the record that the appellee provided well for his wife and maintained her in a style suitable to his means and their station in life.

On the evidence as substantially related the divorce was granted. In our view of this evidence appellant did not prove such a case as entitled her to a judgment of divorce. While it is not within the power of this court to disturb that judgment, which has become final, it is our duty in passing on the contentions made by appellant here to consider the evidence on which the decree was based. Finding that evidence insufficient to warrant the granting of the divorce it must be held that the court below did not err in refusing alimony and accordingly the judgment is affirmed.