## Miles v. Miles.

(Decided May 27, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Divorce—Court has Power to Review Judgment for Divorce to Determine whether Alimony Properly Awarded.—Court of Appeals has power to review correctness of judgment granting divorce to

determine whether alimony was properly awarded or refused, under Ky. Stats., section 950.

2. Divorce—Evidence Held to Warrant Finding of Cruel Conduct Indicating Settled Aversion.—Evidence held to warrant finding that defendant's conduct had been so cruel for more than six months as to indicate settled aversion to plaintiff.

3. Divorce—Matters to be Considered in Determining Alimony Stated. —In determining amount of alimony and maintenance, it is proper to take into account size of estate of husband and productiveness, his income and earning capacity, wife's age, health, dependence, and cost of her maintenance in station in life in which her marriage to husband placed her.

4. Divorce—Alimony and Maintenance Held Reasonable.—Fifty dollars a month alimony and $25.00 a month for maintenance of child held reasonable as against husband earning $175.00 a month.

5. Divorce—Order for Allowance for Maintenance of Child Retrospectively, Valid.—A retrospective order, making allowance for maintenance of child antedating motion made therefor, was valid, under Ky. Stats., section 2123; indebtedness for support of child having accumulated.

6. Divorce—Entry of Order Allowing Maintenance Superseded Previout Order.—Entry of order upon final hearing, fixing rate of compensation for maintenance of child at $25.00 a month, superseded a previous order fixing rate at $35.00 a month.

7. Divorce—Orders Fixing Alimony and Support of Child Subject to Change.—Orders of court fixing alimony and support of children are subject to change by court at any time to meet changing conditions of parties.

A. M. MARRET for appellant.

BURWELL K. MARSHALL for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Affirming.

The appellee, Kathryn J. Miles, instituted an action in the first division of the chancery branch of the Jefferson circuit court against the appellant, Callen G. Miles, on the 15th day of July, 1920, by which she sought to recover alimony from him upon the ground that he had habitually behaved toward her for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, and that by reason of such treatment she had been forced to abandon him and return to the home of her parents to live. Appellant answered traversing the allegations of the petition and affirmatively pleaded that appellee had abandoned him without fault on his part.

An agreement between the parties was entered of record in the case on the 21st day of July, 1920, by which appellant agreed to pay appellee $50.00 a month as alimony and maintenance during the pendency of the action, and that appellee might keep and spend for herself and their expected child $80.00 of appellant's money then in her possession. The child was born on the 15th day of August, 1920. On the 16th day of October, 1920, appellee filed an amended petition by which she sought an absolute divorce from defendant upon the ground above mentioned. The allegations of the amended petition were controverted by answer and by amended answer and counterclaim, subsequently filed, appellant prayed to be divorced absolutely from appellee on the ground that she had abandoned him without fault on his part and had continued to live apart from him for more than a year. The issues were made by reply which controverted the affirmative allegations of the answer and counterclaim.

During the pendency of the action and on the 9th day of June, 1921, after the hearing of appellee's motion to require appellant to pay her the sum of $123.87 and the further sum of $100.00 a month for the support and maintenance of herself and infant child, the court overruled the motion but entered an order requiring appellant to pay the appellee for the support of their child the sum of $35.00 from August 15, 1923, until further orders of the court. Upon the final hearing the court adjudged appellee an absolute divorce from appellant and awarded her the custody of the child and adjudged that appellant pay her the sum of $50.00 a month as alimony and $25.00 a month for the support of their infant child. The court dismissed appellant's counterclaim and adjudged that he pay the cost of the action, including appellee's attorney's fees.

This appeal is prosecuted from the order of the court entered June 9, 1921, allowing appellee $35.00 a month for the support of their infant child from August 15, 1920, until further orders of the court, and from the judgment of the court on final hearing adjudging that appellee recover of appellant $50.00 a month alimony and $25.00 a month for the support of the child.

Section 950 of the Kentucky Statutes expressly provides that no appeal lies to this court from a judgment granting an absolute divorce. However, it has frequently been held that this court has power to review the correctness of a judgment granting a divorce to determine whether or not alimony was properly awarded or refused.

Morris v. Morris, 193 Ky. 189, 235 S. W. 358; Anderson v. Anderson, 152 Ky. 773, 154 S. W. 1; Pemberton v. Pembertson, 169 Ky. 476, 184 S. W. 378; Logan v. Logan, 171 Ky. 115, 188 S. W. 301; Caudill v. Caudill, 172 Ky. 460, 189 S. W. 431; Axton v. Axton, 182 Ky. 286, 206 S. W. 480.

In disposing of the question as to whether or not the court below properly awarded appellee a divorce, we do not feel that any good purpose could be served by giving a detailed account of the testimony offered. The testimony was conflicting, as is usually the case. We have carefully considered the record and conclude that the chancellor's finding in the matter was warranted by the evidence establishing appellant's lack of care of, attention to and consideration for appellee while in the delicate condition consequent upon conception and pregnancy. The extent to which appellant's lack of consideration for and his indifference to appellee was carried may be illustrated by reciting one instance which occurred on the day their child was born. It is true this young couple were then separated and that about a month prior thereto appellee had instituted her action against him for alimony, but no divorce had been sought. The birth of their child offered the opportunity most calculated to affect a reconciliation. In all probability that would have resulted if there had remained in appellant's heart any love for appellee or any desire to be reconciled to her. As quickly after the birth of the baby as telephone communication could be had with him, at the instance of appellee, a kindhearted woman, who was a cousin of both appellant and appellee, and who had come to her home to aid her at this trying time, called appellant by telephone and notified him of the birth of his first child, a son. She advised him that the child had been born after great difficulty and almost at the expense of the life of his wife; but that happily and fortunately both the wife and baby then appeared to be out of danger. For the wife and the members of her family, she extended to him an invitation to come immediately to see his new-born son. His response was: "I thank you; I don't think I care to see it." We think this incident clearly points out the rocks upon which the ship of this couple's marital happiness was wrecked. We are of the opinion that the proof offered by appellee warranted the conclusion that his conduct had been so cruel towards her for more than six months as to indicate a settled aversion to her and such as to destroy permanently her peace and happiness. The chancellor so found and we concur therein.

There remains then to be disposed of only the question as to the reasonableness or unreasonableness of the amount allowed by way of alimony and maintenance for the child. In determining the amount of allowance for alimony and maintenance, it is proper to take into account the size of the estate of the husband and its productiveness; his income and earning capacity; wife's age, health, dependence and the cost of her maintenance in the station in life in which her marriage to the husband had placed her. The evidence in this case discloses that neither the husband nor the wife is the owner of property of any consequence. The wife is one of four children and her parents are still alive, she now living with them. The husband was the only child of his parents, who are both alive, and he now lives with them. Appellant admits that he is earning a salary of $175.00 a month. It is not shown by the proof that the appellee has been trained along any line that qualifies her to engage in any trade or calling for hire. She has the care and custody of the infant child. The child is shown by the testimony to have been delicate and ill a great portion of its life, and consequently to require more than usual care and attention at the hands of the mother. The court below allowed the wife $50.00 a month alimony and allowed her an additional $25.00 a month for the maintenance of the child. We do not believe, under the circumstances of the parties, that to be an unfair division of the income of appellant. Out of his $175.00 a month only $75.00 is allowed to the wife for the support of herself and her helpless and delicate child, while he is left $100.00 on which to maintain himself alone. We are not disposed to disturb the chancellor's judgment on this question.

It is earnestly insisted for appellant, however, that the chancellor's award on the 9th of June, 1921, of $35.00 a month to appellee for the maintenance of the child from August 15, 1920, the date of its birth, until the further orders of the court is clearly erroneous. His contention is that the order is retrospective and that the chancellor had no authority to make an order for maintenance of the child antedating the motion for same which was made in May, 1921.

Section 2123 of the Kentucky Statutes authorizes the court, pending an application for divorce or on final judgment, to make orders for the care, custody and maintenance of the minor children of the parties. In entering the order on June 9, 1921, the chancellor clearly was act-

ing within the authority given him by this section of the statutes. The child was born on the 15th day of August, preceding. Prior to the birth of the child an agreed order had been entered in the case by which appellant agreed to pay appellee the sum of $50.00 a month as alimony during the pendency of the action. No order had been entered in the case prior to June 9, 1921, to compel appellant to support his child. The obligation and indebtedness for its support accumulated from the date of its birth down to the date of the entry of the order requiring appellant to pay same. The effect of the order entered on June 9, 1921, was no more than a finding by the chancllor as to the amount of obligation that had accumulated against the father for the support of his child which in law and in morals he was bound to pay. The determination of the question by the chancellor was had after hearing evidence and after the child had been exhibited in open court. Its condition was described by the chancellor in his opinion on the matter as being "distressing and appealing." The obligation of the appellant to support his child existed from the date of its birth until the obligation was met by him. The fact that he did not meet the obligation until compelled to do so by the court did not relieve him of his liability therefor. The obligation merely accumulated and the effect of the order entered on June 9, 1921, was to require appellant to support his child and to meet on that date the accumulated indebtedness for its support. Such indebtedness was then an existing liability and the court merely estimated it at the rate of $35.00 a month. It will be observed that the order limited the recovery to time that fell within the pendency of the action. Perceiving no error in the order of the chancellor in this particular, his finding on same will not be disturbed. The entry of the order upon the final hearing of the case fixing the rate of compensation for the maintenance of the child at $25.00 a month superseded the previous order entered fixing the rate at $35.00 a month; and the orders of the court fixing alimony and support of the child at $50.00 and $25.00 a month, respectively, are subject to change by the court at any time to meet changing conditions of the parties.

The judgment of the lower court is affirmed.