## Howard v. Howard.

(Decided December 6, 1927.)

Appeal from Boyd Circuit Court.

1. Divorce.—Husband's filing of counterclaim for divorce on ground of wife's lewd and lascivious conduct or adultery, followed by his failure to sustain charges by proof, is not alone ground for divorce to wife on her original charge of cruel and inhuman treatment, but must be considered with evidence of other such treatment.
2. Divorce.—Denial of divorce to wife for cruelty held warranted by evidence.

3.    Divorce.—Bad faith is essential before charge of adultery or lewd and lascivious conduct in husband's counterclaim for divorce can be said to be groundless or unfounded, so as to aid wife in obtaining divorce on ground of cruel and inhuman treatment.

WAUGH & HOWERTON for appellant.

LINDSAY D. BRUCE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Doris Howard, sought to be divorced and to recover alimony from her husband, Bert Howard, upon the ground that for a period of not less than six months theretofore he had habitually behaved toward her in such cruel and inhuman manner as to indicate a settled aversion to her and as permanently to destroy her peace and happiness. He denied the ground of divorce alleged by her, and by counterclaim sought to be divorced from her upon the ground that she had been guilty of such lewd and lascivious behavior as proved her to be unchaste. The chancellor concluded that both the petition and counterclaim should be dismissed and so adjudged; hence the appeal.

Appellant earnestly insists that appellee's failure to sustain the charge of lewd and lascivious conduct, coupled with the other evidence of cruel and inhuman treatment to be found in the record, under the principles of law adhered to by this court, authorize the divorce she seeks and that the chancellor erred in not so adjudging. In Rogers v. Rogers, 17 S. W. 573, 13 Ky. Law Rep. 526, Hooe v. Hooe, 122 Ky. 590, 92 S. W. 317, 29 Ky. Law Rep. 113, 5 L. R. A. (N. S.) 729, 13 Ann. Cas. 214, and Logan v. Logan, 171 Ky. 115, 188 S. W. 301, and in perhaps other opinions of this court, referred to in those three, it was written that the unfounded charge of adultery against the wife contained in the answer and counterclaim of the husband, when considered in connection with the other proof of his cruel treatment of her, was sufficient to sustain the charge of cruel and inhuman treatment and to authorize a divorce. In the later case of Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932, with reference to this rule it was further written:

"It has never been held by this or any other court, so far as we are aware, that a husband might

not in good faith and upon reasonable information prefer such a charge without subjecting himself to the penalties of the statute and thereby giving his wife grounds for divorce when she otherwise had none.''

It has never been written in any case that the filing of a counterclaim for divorce from his wife by a husband upon the ground that she has been guilty of lewd and lascivious conduct or adultery, followed by his failure to sustain the charge or charges by proof, is alone ground for divorce to the wife upon her original charge of cruel and inhuman treatment upon his part. In every case it has been written that these charges in the counterclaim which he has failed to sustain by proof, when considered with the evidence of other cruel and inhuman treatment upon his part toward his wife, are sufficient to authorize a divorce to be granted to her.

To sustain the ground upon which she alleged she was entitled to a divorce from her husband—cruel and inhuman treatment upon his part toward her—appellant herself testified and introduced her mother as a witness. Appellee testified for himself and introduced four other witnesses, all of whom appear to be his close relatives. Appellant and her mother testified to a number of incidents which, if the chancellor had accepted their testimony at full face value, could perhaps be taken as evidence of cruel treatment within that section of our statutes authorizing a divorce for that cause. However, appellee and his witnesses testified also as to these transactions, and their version of what occurred was altogether at variance with that given by appellant and her mother. If their testimony be accepted, she, and not he, was at fault on these occasions, and he was not guilty of cruel or inhuman treatment. The chancellor appears to have concluded that the evidence for appellee as to the incidents relied upon by appellant to establish cruel and inhuman treatment should be accepted and is sufficient to explain away the evidence offered by her. Hence the chancellor appears to have concluded that the record as a whole afforded no evidence of cruel and inhuman treatment, which may be taken in connection with the unfounded charge of lewd and lascivious conduct in appellee's counterclaim, so as to authorize a judgment for divorce. Our consideration of the record leaves the conclusion that the chancellor correctly so concluded. A de-

tailed statement of the evidence of the various incidents testified to by appellant and her mother as constituting cruel and inhuman treatment of her at his hands, which the testimony of appellee and his witnesses disproved, would serve no good purpose. The testimony of appellant and her witness as to these incidents is unconvincing, while that of appellee and his witnesses as to them is more in accord with reason.

The chancellor having accepted the version of appellee and his witnesses as to the various transactions testified to by appellant and her witness as constituting cruel and inhuman treatment, and the record being such that we are unprepared to say that the chancellor erred in so doing, it follows that the record affords no evidence of appellee's cruel and inhuman treatment toward appellant, persisted in for six months, as must be the case under the divorce statute for this ground, to be taken into consideration in connection with the unfounded charge of lewd and lascivious conduct in appellee's counterclaim so as to authorize a divorce to her upon that ground, within the rule written in the Rogers, Hooe, and Logan cases, supra. Neither are we prepared to say that from the record we must conclude that this charge was made in bad faith, which, under the rule as laid down in the Sallee case, supra, is essential before the charge of adultery or lewd and lascivious conduct may be said to be groundless or unfounded, so as to aid a wife in obtaining a divorce from her husband.

Our careful consideration of the record constrains us to the view that the chancellor properly dismissed appellant's petition and appellee's counterclaim.

The judgment will therefore be affirmed.