## Green v. Green.

(Decided April 27, 1928.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Divorce.—Petition in divorce action held not to state a cause of action for divorce on the ground of husband's abandonment of wife, where it did not show that abandonment had continued for a year.

2.  Divorce.—Wife's uncorroborated testimony of husband's cruel and inhuman behavior toward her for not less than six months, so as to indicate a settled aversion to her, held not sufficient to authorize the granting of a divorce.

BECKHAM OVERSTREET for appellant.

JOHN MANLY, Warning Order Attorney, for appellee.

OPINION OF THE COURT BY COMMISSIONER WHEELER—
Affirming.

The appellant herein, Martha Green, and Paul Green were married January 31, 1926, at Jeffersonville, Ind., and thereafter lived together as husband and wife in Louisville, Ky., until June 25, 1926, at which time they separated, and have not since lived together as husband

and wife. The appellee at the time abandoned the plaintiff, and left the state of Kentucky, and has not since been heard from by appellant, except by a telegram from the appellee while at Dayton, Ohio, requesting her to send his clothes.

The cause of divorce set out in petition is: "Habitually behaving toward her by the husband for not less than six months in such cruel and inhuman manner as indicates a settled aversion to her, or to destroy permanently her peace and happiness," by her remaining with him. The petition herein was filed on August 24, 1926, which was more than six months after the marriage, although the separation occurred a little less than four months after the marriage, it being contended by appellant that the behavior of the husband for not less than six months was such as to indicate a settled aversion or to destroy permanently her peace or happiness continued from the date of the marriage, or at least for six months next preceding the filing of the petition herein.

To substantiate her claim, she introduces herself as a witness and her mother and sister. The testimony of the appellant is authorized under exception to section 606, Civil Code of Practice, which authorized the husband or wife to testify in cases where the charge for divorce is as herein set out.

The testimony of the appellant is that she was at the time of the marriage 16 years of age, and the appellee 19 years of age, he being employed at the time, and earning $18 a week; and likewise she had employment. After the marriage, appellant continued in her employment, and received therefrom a sufficiency of money to furnish her wearing apparel—he paying for their board—and thus they continued to live until their final separation June 25, 1926. Her testimony discloses that he seldom took her out with him, but on one occasion he did, and, in the presence of friends, was intoxicated, and struck her, and made abusive and insulting remarks in the presence of friends, which was humiliating and annoying, but the evidence does not disclose at what time this occurred. It could have been the day before or the day of separation, and his previous conduct toward her may have been good; on the other hand, the treatment complained of by her could have occurred the day after their marriage, in which event her continuing to live with him during the time she did would indicate that she was content to con-

tinue the marital relations, and did continue same until the separation. And she further testified that he had contributed nothing toward her support since their separation.

The mother, Mrs. J. D. Shewmaker, corroborated the appellant's testimony fully to the effect that nothing had been contributed to the upkeep of the appellant since their separation, and, further, that during the time they lived together the appellant provided her own wearing apparel, but that such of their board as was paid for was paid by the appellee, but she never saw the appellee mistreat appellant in any way. Mrs. Shewmaker was corroborated fully in her testimony by a sister of appellant.

It will be observed from the testimony herein that the only evidence offered on the allegation of the petition was the testimony of appellant as above set out, and that no other witness attempts to state any misconduct of the appellee at any time during the marriage of the parties, but all tend to establish the fact of the appellee deserting the appellant herein, and it appears that said desertion has been continuous since June 25, 1926, until the taking of the proof herein. The testimony would fully warrant the granting of a divorce on the charge of desertion, if it had been for one year's duration, and doubtless the chancellor, in dismissing the petition, had in mind the fact that the desertion by appellee had not continued for one year; hence the statement "amended petition does not state a good cause of action on the grounds of abandonment." The amended petition did not state that the desertion complained of and the failure to support the appellant had existed for a year.

The further notation, "Dismissed, evidence not sufficient to sustain the cause set forth in the petition," was under the belief that, if conditions therein charged had existed, it would have been an easy matter to have established the fact by testimony in addition to that offered by appellant, and would fix the time more accurately.

In the case of Beall v. Beall, 80 Ky. 675, it is said:

"It is needless to say that exhibitions of temper on the part of either husband or wife, or occasional quarrels between them, that render the marriage relation unpleasant, are not sufficient grounds, even if clearly established, to authorize a dissolution of the marriage relation. Language that may pain a sensitive woman, or the manners of a husband that may

appear rough and vulgar in contrast with those ed-
ucated in the refinements of social life, constitute no
ground for a divorce. The treatment of the wife by
the husband must be so cruel and inhuman as to per-
manently destroy her peace and happiness, or such
as to indicate a settled aversion to her.''

Perceiving no error to the prejudice of the appel-
lant's rights herein, the judgment is affirmed.