# Anderson v. Anderson et al.

May 31, 1949.

William C. Clay, Jr. and Thomas M. Edwards, Jr. for appellant.

Harry B. Miller and I. Jay Miller for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appeal is prosecuted from a judgment allowing Harry B. Miller, (hereinafter referred to as appellee), attorney for Yvonne Anderson, a fee of $500 for services rendered in a divorce proceeding. On March 3, 1947, Mrs. Anderson filed in the Fayette circuit court her petition seeking absolute divorce from appellant on the grounds of cruel beating and fear of injury. KRS 403.-020(3) (c). She asked alimony and $200 per month; she sought and obtained an attachment, and a restraining order on the ground that defendant was threatening bodily harm to her. The court allowed temporary maintenance at the rate of $40 per week. This order was entered on March 3, 1947, and on the same day appellant moved to discharge the attachment. On March 11, the wife amended asking that she be restored to her maiden name. Miller was attorney of record.

As far as the record shows no steps were taken in court until October 25, 1947, when this order was entered: "By agreement and on joint motion of the parties, this action is dismissed without prejudice." On November 8, 1947, the chancellor on his own motion set aside the foregoing order because it was not signed by counsel representing either party, and their signatures were not witnessed as "provided by the rules of the court."

On November 12, appellee's attorney moved the

court for an allowance of $750 for services rendered Mrs. Anderson, the allowance to be taxed as costs in the proceeding in the Fayette circuit court, and with the motion filed his affidavit setting out the services rendered. He also filed affidavits of three attorneys of the Fayette bar all saying that $750 was a reasonable allowance. On November 25, the chancellor referred the matter to his master commissioner for proof and report, and later the commissioner reported recommending a fee of $500.

With his report the commissioner filed "answer and affidavit," of Sydney Anderson, record from the Montgomery circuit court, showing that upon Mr. Anderson's petition he was granted divorce. The judgment in that court embraced a contract of settlement, which appears to have been made on the same day the parties dismissed the Fayette suit. Other filings consisted of depositions taken in the Montgomery suit, and affidavits of attorneys who stated that $75.00 would be a reasonable fee for appellee's services.

Following filing of the commissioner's report, appellant filed numerous and lengthy exceptions, which in brief before us are narrowed down to the following: Appellee is not entitled to recover a fee because (1) he has failed to prove that his client was not in fault, and (2) that his client lacked sufficient estate to pay the costs. (3) The judgment of the Montgomery circuit court finding fault in the appellant is res adjudicata of that same issue herein. (4) The equities of the case compel a reversal of the judgment below. It is also contended that the husband had furnished the wife with ample funds to pay counsel fees and the "wife has agreed to pay such fees, and she had paid her counsel for his services."

It seems that counsel for appellant is taking the position that the whole matter was pending in the Montgomery court, while appellee insists that so far as his claim is concerned it was pending in the Fayette court. Certainly the matter of allowance was recognized as pending in the latter court. While the dismissing motion had been set aside, the parties evidently abandoned the Fayette suit after the agreed dismissal.

We find nothing in the record which would lead to

the conclusion that the wife had agreed to pay, been furnished with funds to pay, or had paid appellee for his services. The settlement contract shows that the husband had paid his wife $500, though this was based on consideration other than that she would pay her attorney. It was agreed in that settlement that whichever of the parties should institute divorce proceedings should pay his or her costs, but this was made seven months after the Fayette suit was begun.

Survey of the record fails to show, outside of appellant's conclusion that the wife had sufficient estate to pay her costs. On the other point that the wife was shown to be in fault, and hence could not fasten costs on the husband, while the judgment was granted to the husband we cannot conclude that the wife was in fault or like fault. The Fayette suit would seem to indicate otherwise. However this may be, a reference to KRS 453.120 shows that both conditions must be existent before the wife is chargeable with costs, or the husband is exonerated. The language is that the husband shall pay "unless it appears in the action that the wife is in fault and has ample estate to pay the costs." 453.120, KRS. Smith v. Smith, 297 Ky. 395, 180 S. W. 2d 275. We need not discuss the question as to whether or not the Montgomery court's judgment was res adjudicata on the "fault" issue.

When we come to the "equities" of the case we reach the only difficult problem presented. As we read appellant's brief and survey the record we reach the conclusion that it is appellant's contention that appellee is not, on the grounds stated, entitled to any fee for services to be taxed as cost against him. While those services are minimized by the affidavits saying $75 would be a reasonable allowance, we take it that appellant believes that the wife should pay whatever sum may be allowed.

We have carefully observed and considered appellee's affidavit, and supporting proof, and find that there was service rendered for which he should be compensated, though some service set out does not necessarily attach to the divorce suit. There was the filing of the suit, securing attachment and restraining order, all on the same day. A resistance to the motion to discharge,

unsuccessful in part. Advice as to non-acceptance of an offer of alimony, a fixing of pendente allowance, and frequent conferences with client and opposing counsel. No proof was taken in the Fayette action; nothing of record was done after the order of dismissal. The services rendered were, as we view the matter, not of unusual character as they arise in divorce cases, not complicated.

While we always hesitate to disagree with the chancellor in making allowances for alimony or attorneys' fees, in this case there arises a considerable doubt as to the chancellor's finding, and from a careful examination of the whole record we have reached the conclusion that an allowance of $250 would be fair and reasonable. Therefore, the judgment is reversed with directions to set it aside and enter one in accordance herewith.

Judgment reversed.