## Logan v. Logan.

December 13, 1949
As Extended on Denial of Rehearing
February 14, 1950.
R. Monroe Fields, Judge.

Napier & Napier for appellant.

Stephen Combs, Jr., for appellee.

JUDGE CAMMACK—Reversing.

The appellant and appellee were married in Toledo, Ohio, in 1944. They were both working temporarily in Detroit, but shortly thereafter returned to Letcher County. The appellant was 49 years of age and the appellee 55. Both had been married previously and were parents of grown children.

This action was instituted by the appellant, seeking a judgment of $50,000 for her separate support and maintenance on the ground that her husband had been guilty of mental cruelty. The appellee by his answer and counterclaim sought a divorce on the ground of abandonment. The chancellor granted the appellee a divorce and dismissed the plaintiff's petition. The appellant contends the chancellor erred in awarding the divorce to her husband and insists that the proof entitled her to an award for her separate maintenance.

We are without power to disturb the decree of divorce. However, if the divorce was granted erroneously, it would not operate as a bar to the wife's claim for maintenance. Ratliff v. Ratliff, 307 Ky. 282, 210 S. W. 2d 969.

Upon returning to Kentucky the couple resided in the home purchased by the appellant with funds awarded to her and her children as compensation for the death of her first husband. It cannot be doubted that the appellee spent but little time at home. On three occasions in less than a year he went to his home in which his daughter was living. Several months after the appellee's last departure the appellant moved to Indiana to live with her son. She testified that her son was supporting her and that she had no choice but to move. On two occasions the appellee visited the appellant in Indiana and they discussed a reunion. On these occasions the appellant attempted to persuade her husband to live with her in Indiana. Mrs. Logan admits that her husband suggested they live in his cabin on Trace Fork and that she refused on the ground that it was uninhabitable. She said it was unnecessary for them to live there because he had a good residence in which he permitted his daughter to live. Without determining whether the husband's tender of a home was made in good faith, or whether the cabin was a suitable residence, we are convinced that there was only a mutual living apart and

no abandonment by either of the parties. The chancellor erred, therefore, in awarding the husband a divorce.

Having been awarded a divorce improperly, the husband remains liable for the support of his former spouse. Whether the husband has been guilty of conduct which would have entitled the non-offending wife to a divorce affects only the amount of and not her right to maintenance. The proof fails to support the appellant's charge of cruel and inhuman treatment. The record merely depicts a middle-aged marriage, wherein neither of the parties was willing to make sacrifices for the sake of the union. The appellant's proof shows at best that the parties quarreled on several occasions; that the husband spent much of his time in town or at his daughter's; that he was occasionally profane; and that he failed to supply adequate food and clothing. The evidence fails to substantiate the appellant's contention of an improper relation between the appellee and another woman. When viewed as a whole, this evidence would not have justified the award of a divorce to the appellant.

The evidence concerning the financial worth of the appellee is meager. We are satisfied that he neither enjoys the wealth attributed to him by the appellant nor suffers the poverty which he claims. In view of the age and circumstances of the parties and the variable value of coal property which comprises the bulk of the appellee's estate, a monthly allowance for the appellant's maintenance is more equitable than a lump sum settlement. The only evidence of substance in regard to the appellee's income is his admission that his weekly gross profits would average $100 if the mine was worked every day. The sum of $50 a month is reasonable and it is adjudged that the appellee pay that sum to the appellant each month for her maintenance, beginning with the date of the judgment.

The only question remaining is the adequacy of the $100 fee allowed for her attorney. This was an ordinary divorce action and necessitated only the drawing of the usual pleadings and the taking of the customary proof. The amount awarded by the lower court was ample for the services performed before it. The appellant's attorneys have performed additional services before this Court, which have resulted in a substantial recovery,

for which an additional fee should be awarded in the sum of $50.

Judgment is reversed, with directions for the entry of one consistent herewith.