**Nelson MILLAR, Appellant,**

**v.**

**Margaret Mae MILLAR, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1956.

Thomas W. Hardesty, Newport, for appellant.

William R. Seidenfaden, Newport, for appellee.

STEWART, Judge.

This is an appeal from a judgment of the Campbell Circuit Court wherein appellee, plaintiff below, was granted a divorce on grounds of cruel and inhuman treatment and was bestowed rights in and to certain property hereinafter described. Two questions are presented in this appeal: (1) Whether the divorce should have been granted to the appellant on his cross-complaint, and (2) whether the amount of property awarded appellee was excessive and unwarranted.

As regards the first ground raised, the rule of law in this state is that the Court of Appeals is without power to reverse a judgment of divorce but it can review the correctness of such a judgment to determine whether the wife was entitled to the property she was awarded. Logan v. Logan, 312 Ky. 48, 226 S.W.2d 3; Ratliff v. Ratliff, 307 Ky. 282, 210 S.W.2d 969; Morris v. Morris, 193 Ky. 189, 235 S.W. 358. It is also the rule that in an action for divorce the right to alimony will follow if the wife, without fault on her part, is granted the divorce. Tilton v. Tilton, 29 S.W. 290, 16 Ky.Law Rep. 538, 539; Day v. Day, 168 Ky. 68, 181 S.W. 937. We have read the record and we shall simply state that the testimony reveals ample evidence of misconduct and threats to do bodily harm by appellant to support the divorce decree.

We now pass on to the second contention, namely, that the amount of property adjudged to appellee was excessive and unwarranted. A summary of the evidence shows the parties were married on May 22, 1937, and separated on or about May 6, 1952. They had no children born of their union, but appellant has a son by a previous marriage. Appellee testified she was employed practically every day by one concern during her marriage, and her gross wages from 1937 up to and through 1951 totalled $26,815.26. Her husband worked at seven or eight different places while their marriage lasted, his earnings amounting to approximately $3,600 per annum.

In 1939, appellee inherited $1,500 from her father and she and appellant then bought a modest home for $3,000, title to which was taken in appellee. She made a down payment of $500 on the home out of her funds, she and appellant borrowing the balance of $2,500 to pay the purchase price from a building and loan company and giving a mortgage on the property as security therefor. The remaining $1,000 of her inheritance went into the family purse and was spent in various ways. Until about two years before they separated appellant regularly turned over to appellee all of his earnings. Then dissension arose between them and he began the policy of giving her $40 per week for household expenses. As long as they remained together she took all of this money and used it along with her own to defray their living expenses, to retire the loan on the home, to buy furniture, a TV set and a station wagon, to provide money for vacations, and to acquire other belongings of a diverse nature. Both invested savings in United States bonds in their individual names.

Upon the basis of the evidence recited, the chancellor entered a judgment which declared the parties had established their rights to certain property. The title to the home was adjudged to remain in appellee but appellant was decreed entitled to a one-half undivided interest therein, together with a lien to secure the same, or an equal share of the net proceeds if the real estate were sold. A station wagon, valued at $500, and an engine and certain boats he had bought, worth $350, were also turned over to appellant. In addition to allowing her to retain a one-half interest in the home, or receive one-half of the sale price that might be realized therefrom, appellee was awarded furniture worth $500 as and for alimony and was adjudged to be the owner of United States bonds of an estimated value of $1,600.

In the face of the evidence, we cannot say the division of the property made by the chancellor between the parties was an inequitable one. Considering the fact that appellee inherited $1,500 and earned in excess of $26,000 while the marriage endured and that these funds were jointly shared for family purposes for the most part, it appears the chancellor made a fair apportionment. Appellee's share of the real estate proceeds could well be a restoration to her of her property from which appellant had received a benefit in consideration of the marriage. She was determined to be the owner of the bonds given her and the evidence amply supports this decision. Actually, the judgment refers only to the furniture as an

award of alimony, and $500 in this respect certainly does not impress us as excessive in amount or unwarranted under the facts presented.

Wherefore, the judgment is affirmed.