Kathleen SINGLETON, Appellant,

v.

Raymond T. SINGLETON, Appellee.

Court of Appeals of Kentucky.

May 10, 1957.

Herbert D. Liebman, Frankfort, for appellant.

Clyde E. Reed, Frankfort, for appellee.

CULLEN, Commissioner.

Judgment was entered dismissing Kathleen Singleton's complaint seeking a divorce from her husband, Raymond. Following

entry of the judgment, Kathleen moved for an order granting her temporary custody of their four children, giving her the right of occupancy of the family residence, allowing her alimony and maintenance pendente lite, and awarding a reasonable fee for the services of her attorney rendered in the action. The motion was overruled. Kathleen has appealed from the judgment and from the order overruling her motion, maintaining that she was entitled to a divorce and to the relief asked in her motion.

 The divorce was sought on the ground that the husband had made deliberate and unfounded charges of unchastity or lewd and lascivious conduct on the part of the wife. See Hartkemeier v. Hartkemeier, 248 Ky. 803, 59 S.W.2d 1014, 1015. The evidence showed that the husband had accused the wife of "running around" with other men. However, on several occasions she had gone out alone at night and returned at a late hour, refusing to tell her husband where she had been. We think the chancellor was warranted in concluding that the husband had some if only slight grounds for the charges made, and was not acting in bad faith. See Howard v. Howard, 222 Ky. 203, 300 S.W. 598.

When the divorce action was filed, the husband moved out of the family residence, leaving the wife there with three of the children, ages 14, 12 and 9. The fourth child, age 17, was in college. When the judgment was entered denying a divorce, the husband moved back home, and the wife moved out, leaving the children with the husband. The evidence indicates that the husband is willing and anxious that she return home, and has given her no justifiable cause for leaving him. Under these circumstances the wife clearly was not entitled to an order awarding her the right of sole occupancy of the home, nor did the court err in denying her the temporary custody of the children.

As concerns alimony and maintenance pendente lite, it appears that the husband voluntarily paid $40 or $50 a week to the wife while the action was pending, which was a reasonable contribution for support and maintenance. Since the wife voluntarily and without adequate cause departed from the home after the judgment was entered, she has no basis for a claim for separate maintenance pending this appeal.

There is no evidence in the record to indicate that the wife has an ample estate to pay the costs. Accordingly, the court should have granted a reasonable allowance for her attorney fees. KRS 453.120; Hamilton v. Hamilton, 298 Ky. 447, 183 S.W.2d 36; Anderson v. Anderson, 310 Ky. 521, 221 S.W.2d 69.

To the extent that the judgment and order denied a fee for the wife's attorney they are reversed, with directions to enter an order allowing a reasonable fee. In all other respects the judgment and order are affirmed.