STATE ex rel. STATE of Missouri and
Kathryn S. Bay, individually and as
next friend of Samuel Bay, Relators,

v.

The Honorable John J. RILEY, Division
3 Judge, Circuit Court of City of St.
Louis, Missouri, Respondent.

No. 81230.

Supreme Court of Missouri,
En Banc.

May 11, 1999.

Rehearing Denied June 29, 1999.

Lawrence L. Pratt, Assistant Circuit Attorney, St. Louis, for Relators.

Michael B. Stern, St. Louis, for Respondent.

PER CURIAM.

Kathryn Bay and the Missouri Division of Child Support Enforcement (relators) filed suit in circuit court seeking a determination of paternity as to Samuel Bay. Interrogatories and requests for production of documents were served on the purported father. Local court rule 68.9 requires interrogatories to contain "the verified answer of the party asking the question as if the question had been asked of him or her." Local court rule 68.15 requires a party requesting the production of documents to "attach to the request ... a copy of each document which such party would be required to produce if the request ... had been made upon him or her." The purported father filed an objection with the trial court because the interrogatories and request for production did not contain the required verified answers or copies of documents. Relators filed a motion for sanctions because no response to the in-

terrogatories or request for production was made. Relators did not request any relief from being required to answer any specific interrogatory or produce any specific document, arguing only that the local court rules were invalid.

The respondent judge heard argument on the objection and the motion for sanctions and took the matters under advisement. The parties were permitted to file additional suggestions. The respondent judge entered an order requiring compliance with the local court rules and overruling relators' motion for sanctions. Relators seek to prohibit the respondent judge from requiring compliance with local court rules 68.9 and 68.15. This Court's preliminary order in prohibition is quashed.

*Article V, section 15* of the state constitution permits each circuit to adopt rules "not inconsistent with" the rules of this Court. *Rule 50.01* permits trial courts to make rules that are "not inconsistent with the rules of this Court, the Constitution or statutory law in force." Relators contend that the local court rules conflict with Rules 4, 56.01, 57.01 and 58.01, and article I, sections 10 and 14 of the state constitution.

In this case, the local court rules are not "in conflict with" any of the rules or constitutional provisions cited. In *Douglas v. Thompson*, 286 S.W.2d 833 (Mo.1956), this Court upheld a local court rule that required the address of the plaintiff to be stated in the petition. It was alleged that the rule conflicted with the "Civil Code," which had no such requirement. This Court held that the additional requirement did not conflict with the "code" and was not an unreasonable requirement. It was noted that the additional address could have an important purpose to facilitate the use of the discovery procedure. As explained in *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 299 (Mo. banc 1986):

> *Douglas* stands for the proposition that a trial court may impose requirements in addition to those imposed by the Rules of Civil Procedure, provided the additional requirements imposed are

not unreasonable under the circumstances, not unnecessarily burdensome or not inconsistent with the Rules. Contrary to relators' argument, additional requirements are not definitionally inconsistent with the Rules.

A local court rule is inconsistent with the rules of this Court if the local court rule specifically prohibits something this Court's rules permit or if the local court rule specifically permits something that this Court's rules prohibit. The rules of this Court do not address whether the procedure required by the local court rules is permitted or prohibited. The local court rules in this case are not inconsistent with this Court's rules.

Since the local court rules are not inconsistent, the local court rules must be examined, as explained in *Mauer*, to determine if they are unreasonable under the circumstances or unnecessarily burdensome. As in *Thompson*, the local court rules in this case do not restrict the discovery authorized by this Court's rules but merely add reasonable additional requirements that may facilitate the use of the discovery procedure. If a party believes it is not appropriate to require it to provide an answer to proposed interrogatories or produce requested documents, relief may be sought under Rule 56.01(c). Such relief has not been sought in this case. On their face, the local court rules are not unreasonable under the circumstances or unnecessarily burdensome.

The authorities cited by relators do not compel a different conclusion. *Wade v. Wade*, 395 S.W.2d 515 (Mo.App.1965), involved a local court rule that required the giving of a notice in a default case. This Court's rule specifically provided that no such notice was required. The local court rule was plainly inconsistent with this Court's rule. *State ex rel. King v. Turpin*, 581 S.W.2d 929 (Mo.App.1979), contains no majority opinion and, thus, is of dubious precedential value. Each of the three judges wrote a separate opinion, two concurred only in the result, and one dissented. In his separate opinion concurring in

the result only, Judge Gunn found that application of the local court rule could frustrate the purposes of discovery, i.e., the local court rule was unreasonable under the circumstances. A third case relied on is not an opinion of the court of appeals; it is only a peremptory writ. See Rules 84.16 and 84.24(*l*). The remaining cases cited do not involve a local court rule.

Relators' claims with respect to Rule 4 and sections 10 and 14 of the state constitution misapprehend the purpose of discovery. Missouri has, for all practical purposes, adopted the federal rules and the modern concept of pre-trial discovery almost verbatim. We have come a long way since the days of the "sporting theory of justice." Pre-trial discovery performs important and legitimate functions. The benefits are numerous: liberal discovery aids in the ascertainment of truth, early disclosure promotes early settlement, surprise is eliminated, issues are narrowed, trial preparation is facilitated, and "relevant" information is obtained. *State ex rel. Kawasaki Motors Corp., U.S.A. v. Ryan,* 777 S.W.2d 247, 251 (Mo.App.1989). *See also Wilkerson v. Prelutsky,* 943 S.W.2d 643, 649 (Mo. banc 1997); *State ex rel. Plank v. Koehr,* 831 S.W.2d 926, 927 (Mo. banc 1992). The local rules also serve valuable purposes: they may streamline the discovery process, accommodate local custom, or meet the needs of particular categories of cases.

Here, considering their purposes, the local rules and this Court's discovery rules are complementary. The local rules do not infringe on any of the constitutional rights asserted by relators. Regardless of what rule of discovery is invoked, a lawyer may zealously represent his client by seeking appropriate protective orders pursuant to Rule 56.01(c).

The preliminary order is quashed.

All concur.