**Esther GOLDSTEIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Jack NELSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 15355, 15356.**

United States Court of Appeals
Eighth Circuit.

Nov. 17, 1955.

Rehearing Denied Dec. 14, 1955.

**2**

Gilbert Weiss and Rodney Weiss, St. Louis, Mo. (Martin A. Rosenberg, St. Louis, Mo., on the brief), for appellants.

David O. Walter, Atty., Department of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and John J. Kelley, Jr., Attys., Department of Justice, Washington, D. C., Harry Richards, U. S. Atty., and Wayne H. Bigler, Jr., Asst. U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

These appeals are from judgments dismissing two actions, one brought by Esther Goldstein and the other by Jack Nelson, to recover income taxes for the years 1943, 1944, 1945 and 1946, alleged to have been illegally collected. Both actions arose out of the same facts, which were not in substantial dispute. The cases were consolidated for trial and for appeal.

The question for decision is whether the Government was precluded from denying that the taxpayers overpaid their taxes for the years in suit, because the Commissioner of Internal Revenue, after they had paid the taxes reported by them, had erroneously determined that the income received by them from a partnership, of which they were members, was not their income but belonged to other partners, and had assessed deficiencies against the other partners accordingly.

The taxpayers were residents of the city of St. Louis. They filed their individual income tax returns for the years 1942 to 1946, inclusive, with the Collector of Internal Revenue for the First District of Missouri and paid to him the taxes they reported as due for the years 1943 to 1946, inclusive. They were members of a family partnership known as Susan Shane Dresses, formed in 1941 to engage in making and selling women's dresses. There were four partners: Samuel Goldstein; his wife, Esther Goldstein; their son, Jack Nelson; and their son-in-law, Sylvan Wolf. Each of the partners had made a contribution to the original capital of the partnership. The partnership continued until August, 1946, when it was succeeded by a corporation, in which the former partners became stockholders.

The partnership filed federal partnership information returns. Each of the partners shared in the distribution of the partnership net earnings in each of the years in suit.

Late in 1946 or early in 1947, the Office of the Internal Revenue Agent in Charge for the First District of Missouri commenced an audit and field investigation of the partnership returns filed by Susan Shane Dresses. The Revenue Agent who conducted the investigation concluded and reported that Esther Goldstein had not been a bona fide partner, and that Jack Nelson, for the years prior to October 1, 1945, had not been such a partner. The Agent testified at the trial that it had appeared to him that Esther Goldstein had made no capital contribution to the partnership and that he had considered Jack Nelson too immature and inexperienced to be a partner. A copy of the Agent's report was mailed to Susan Shane Dresses by the Internal Revenue Agent in Charge, with a letter of transmittal dated June 15, 1950.

On December 28, 1950, the Commissioner of Internal Revenue made a timely assessment against Samuel Goldstein of deficiencies in income taxes for the calendar years 1942 to 1946, inclusive, plus interest and fraud penalties totaling

$431,031.81, and a similar assessment against Sylvan Wolf in the sum of $121,199.95. Of the sum assessed against Samuel Goldstein, only $820.63 has been paid, and all of the assessment against Sylvan Wolf remains unpaid.

The deficiencies in tax assessed against Samuel Goldstein and Sylvan Wolf for the years in suit were partially based upon an increase in the taxable net income of the partnership, Susan Shane Dresses. The remainder was based upon the nonrecognition or disallowance of Esther Goldstein as a partner during the years involved and the disallowance of Jack Nelson as a partner prior to October 1, 1945, and the taxing to Samuel Goldstein and Sylvan Wolf of the partnership income reported by Esther Goldstein as her income on her individual income tax returns for the years 1942 to 1946, and of the partnership income reported by Jack Nelson on his individual income tax returns for the years 1942 to 1944 and a portion of such income reported by him for the year 1946.

Samuel Goldstein and Sylvan Wolf filed no petition with the Tax Court contesting the deficiencies assessed against them. The assessments have not been abated. After December 28, 1950, notices of federal tax liens were filed with respect to them and have not been released of record.

The Commissioner also assessed a deficiency in tax of $6,946.63 plus interest and civil fraud penalty of $3,473.31 against Jack Nelson for the year 1946. Of this deficiency and penalty, Nelson has paid only $333.42. The basis for this deficiency does not appear in the printed record.

The taxpayers, Esther Goldstein and Jack Nelson, on July 16, 1951, filed timely claims for refund, asserting as the basis therefor the disallowance by the Commissioner of income reported by them as their income from the partnership and the determination that such income was taxable to others.

The taxpayers in their amended complaints, in substance, alleged that during the years 1943, 1944, 1945 and 1946 they were partners in Susan Shane Dresses, and paid the tax upon the income received by them from the partnership, but that the Government, through the Commissioner, refused to recognize them as partners for tax purposes, disallowed as income taxable to the taxpayers all partnership income paid to them, and allocated and taxed all such income to others, and that therefore the taxpayers had erroneously and illegally paid the taxes which they reported.

The taxpayers alleged that they accepted the determination of the Commissioner, but that he arbitrarily refused to issue to them certificates of overassessment unless they would permit the overassessments to be credited against the tax of others. Esther Goldstein asked judgment for $45,538.58, the total amount of income taxes she had paid on her distributive share of partnership income during the years in suit, and Jack Nelson asked judgment for $23,114.73, the income taxes he had paid on his distributive share of partnership income during 1943, 1944 and 1945, less the deficiency and penalty assessed against him for 1946.

In its answers to the amended complaints, the Government admitted "that during all of the periods herein involved plaintiff was a member of the partnership known as Susan Shane Dresses, and that plaintiff paid to said Collector of Internal Revenue the tax arising from the income paid to plaintiff by said partnership."

The parties stipulated that "Throughout its existence the members of the partnership, Susan Shane Dresses, were Jack Nelson, Esther Goldstein, Samuel Goldstein and Sylvan Wolf." It conclusively appeared, therefore, that the taxpayers were members of the partnership, that they had participated in the distribution of its net earnings, that each

had paid income tax upon so much of the income received from the partnership as he or she reported, and that neither had overpaid income taxes legally due for the years in question.

At the close of the evidence, counsel for both parties agreed with the court that the sole issue for decision was whether the Government was estopped to assert that the income from the partnership reported by the taxpayers for the years in suit was their income, because of the determination of the Commissioner that the taxpayers were not members of the partnership and that the income therefrom reported by them was, for tax purposes, not their income but was the income of Samuel Goldstein and Sylvan Wolf, who were not parties to the actions and whose tax liability was not before the court for determination.

The District Court concluded that the Government was not estopped from asserting what the evidence showed to be the fact—that the taxpayers as individuals had not overpaid the income taxes for which they were legally liable for the years in question. The law, and not the Commissioner of Internal Revenue, established their tax liability.

■■ The contention that, under the doctrine of election, the erroneous determination by the Commissioner that the taxpayers were not members of the partnership for tax purposes and that the income the taxpayers derived from it was not taxable to them was irrevocable and estopped the Government from contending otherwise, we think is without merit. While the Commissioner's determination had the support of a presumption of correctness, the presumption was a rebuttable one, and his determination could be shown to be wrong. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Marcella v. Commissioner of Internal Revenue, 8 Cir., 222 F.2d 878, 881.

■■ The proof conclusively showed that the Commissioner had erred in attributing the taxpayers' income to Samuel Goldstein and Sylvan Wolf. The fact that one, through mistake, attempts to exercise a right to which he is not entitled, does not prevent him from exercising one which he has. Bierce v. Hutchins, 205 U.S. 340, 347, 27 S.Ct. 524, 51 L.Ed. 828. The pursuit of a supposed, but nonexistent, remedy or right does not constitute an election. Henderson Tire & Rubber Co. v. Gregory, 8 Cir., 16 F.2d 589, 593; Borserine v. Maryland Casualty Co., 8 Cir., 112 F.2d 409, 416. The taxpayers did not overpay their taxes. They were not misled to their detriment by the erroneous determination of the Commissioner that their income should be attributed to others. Hence, there could be no estoppel against the Government. Century Electric Co. v. United States, 8 Cir., 75 F.2d 589, 592.

■■ The doctrine of election and estoppel is not inapplicable to the Government and its officers, but is to be applied with caution. Vestal v. Commissioner of Internal Revenue, 80 U.S.App.D.C. 264, 152 F.2d 132, 136; Barnett Inv. Co. v. Nee, D.C.W.D.Mo., 72 F.Supp. 81, 82. The rule is that the United States is not estopped by the acts or mistakes of its agents or officers which the law does not authorize or permit. United States v. Lee Wilson & Co., D.C.E.D.Ark., 214 F. 630, 651; affirmed, Lee Wilson & Co. v. United States, 8 Cir., 227 F. 827; affirmed, 245 U.S. 24, 38 S.Ct. 21, 62 L. Ed. 128; United States v. City and County of San Francisco, 310 U.S. 16, 31, 32, 60 S.Ct. 749, 84 L.Ed. 1050. Cf. United States v. Stewart, 311 U.S. 60, 70, 61 S.Ct. 102, 85 L.Ed. 40, and Sanitary District of Chicago v. United States, 266 U.S. 405, 427, 45 S.Ct. 176, 69 L.Ed. 352.

The taxpayers are seeking to profit from a mistake made by the Commissioner in their favor. We are satisfied that they were not entitled to a refund of the taxes paid by them upon their income during the years in suit.

We note that there is in the record a letter of January 19, 1955, from the Com-

missioner to H. Brian Holland, Assistant Attorney General, Tax Division, Department of Justice, which reads as follows:

"In re: Jack Nelson v. U. S.
Esther Goldstein v. U. S.
Civil Action Nos. 9654(3) and 9653(2)
(Your ref.: HBH JF 5–42–651 and 5–42–653

"Dear Mr. Holland:

"Referring to your recent letter to the Chief Counsel in the above-entitled cases, you are advised that in the event the plaintiffs in the present actions fail to sustain the burden of proof to the effect that they were not, for Federal income tax purposes, valid members of the partnership, Susan Shane Dresses, for the years 1943 to 1946, inclusive, and a decision is rendered for the Government, which becomes final, the Internal Revenue Service will adjust the deficiencies assessed against Samuel Goldstein and Sylvan Wolf to the extent that those deficiencies resulted from the nonrecognition of plaintiffs as bona fide partners of the above-named partnership."

While we are without jurisdiction to deal with the deficiencies assessed against Samuel Goldstein and Sylvan Wolf, we take the liberty of saying that, as soon as the judgments appealed from shall become final, the proposed adjustments should at once be made by the Commissioner, and counsel for the Government should see that they are made. If the deficiency and fraud penalty assessment against Jack Nelson was based, in whole or in part, upon his nonrecognition as a partner, that should also be adjusted by the Commissioner.

The judgments appealed from are affirmed.