**STATE of Missouri ex rel. James H. CHANDLER, Jr., Relator,**

v.

**Honorable Michael J. SCOTT, Judge, Circuit Court, City of St. Louis, State of Missouri, Respondent.**

No. 33072.

St. Louis Court of Appeals.

Missouri.

April 16, 1968.

Silver, Suffian & Rosenthal, St. Louis, for relator.

Dale Reaban, St. Louis, for respondent.

JAMES H. KEET, Jr., Special Judge.

This is an original mandamus proceeding in which Relator, a U.S. Marine now in Vietnam on a tour of duty to last at least one year, seeks to compel Respondent to permit Relator to take his own deposition by written interrogatories in Vietnam before a commissioned officer of the United States Marine Corps on active duty, to be used as evidence in a suit filed by Relator on December 14, 1966 against his wife (a minor) for divorce and care and custody of their children (in the actual custody of the paternal grandparents by agreement of the parents). Answer to the divorce petition was filed February 3, 1967, by the wife's Guardian ad Litem, appointed January 25, 1967. Relator and his wife are residents of St. Louis, Missouri.

Relator was in St. Louis on military leave from Christmas time in 1966 until January, 1967, and again from March 17 to April 13, and in July, 1967, but not for any extended time when the divorce case could be heard. His motion asking the court to allow him to take his own deposition by written interrogatories was filed May 31, 1967, while he was stationed at Camp Pendleton, California en route to Vietnam. It asked the court for approval because of the urgency of obtaining a ruling on child custody when Relator was unable to personally appear in the divorce case in St. Louis. While it did not state what other evidence he would offer at the trial of the case, the motion alleged that his testimony was needed and it was necessary to "submit" his testimony to the court upon written interrogatories (attached to his notice to the Guardian at Litem that such interrogatories would be taken at Camp Pendleton before a commissioned officer in accordance with Civil Rule 57.33, V.A.M.R., and that answers would be filed with the circuit court in accordance with the Missouri Rules of Civil Procedure). It is conceded that his inability to appear personally results solely from his being in military service.

The interrogatories inquired as to dates of marriage and separation, the date he entered the Marine Corps, the conduct of the parties, the children born of the marriage and their ages, who was caring for the children, who should have custody of the children (specifically asking if his parents should have custody), his income and military allotments, the amount available for allotment for his children, and whether his wife is a fit person to have custody (and, if not, the reasons why).

Respondent, after hearing, overruled the motion on May 31, 1967, but on oral application of Relator's attorney set this ruling aside and gave the attorney time to brief (and the Guardian an opportunity to answer such brief) on the propriety of obtaining Relator's testimony by written interrogatories. On June 29, 1967, Respondent entered the following order: "Plaintiff's motion for Dedimus to take depositions by interrogatories heretofore presented and filed, hereby denied." Respondent characterized the motion as one leading to "mail order divorces."

Relator, with suggestions in support, petitioned for peremptory writ of mandamus commanding Respondent to grant Relator's motion. Upon filing of Respondent's suggestions in opposition and Relator's reply to same, this court issued its alternative writ. Respondent thereupon filed return and motion to quash the alternative writ, taking the

position that he had discretion as to whether or not to allow Relator's motion. Relator's answer alleged that Relator had a legal right to the procedure requested and, if Respondent had any discretion, he abused it by refusing the relief on the ground that "no mail-order divorces should be had." In preliminary oral statement to this court, Respondent suggested that the interrogatory procedure would deprive the wife of her right of cross-examination.

The facts are not in dispute, Respondent having admitted the facts alleged by Relator in his petition for writ of mandamus and memorandum in support of it, which contained a "statement of facts" and added more facts in its "argument." Upon stipulation of the parties approved by this court, the case was argued and submitted on the petition, memorandum reply, returns, and motions filed. Respondent's motion to quash was taken with the case.

Upon such record the question presented is whether Respondent has a legal duty to grant relator's motion. For the answer to this question we look within the framework of the Civil Rules on interrogatories and depositions (56.01 and 57.01, V.A.M.R.[1]) and Civil Rule 88.01 dealing with procedure in divorce actions.

Rule 57.01(a) explicitly provides: "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court. * * *" Rule 57.01(b) provides: "Unless otherwise ordered by the court as provided by this Rule, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, * * *." Rule 57.47(a) provides the mechanics for giving notice and for cross, redirect, and recross interrogations where a party desires " * * * to take the deposition of any person upon written interrogatories * * *."

Federal Rules 26(a) and 31 (with the same wording, pertinent here, as Civil Rules 57.01(a) and 57.47(a)) have been construed to allow a party to take his own deposition (Richmond v. Brooks, 2 Cir., 227 F.2d 490; Smith v. Morrison-Knudsen Co., D.C.N.Y.1968, 22 F.R.D. 108, 115–116, saying that this is so at least if there are "exceptional circumstances"). We adopt the same construction, recognizing the following in Smith, supra, l. c. 113–114:

> "Rules of procedure, like principles of substantive law, should be interpreted to meet the challenge of changing conditions of life and litigation. Today's ease and speed of travel and the occupational dispersion of Americans throughout the world, will increasingly place parties and witnesses outside the forum and even outside the United States. Problems created by that mobility can be solved by our law's inherent flexibility. Accordingly, rules 26(a) and 31 have been given flexible interpretation."

Such construction of Civil Rule 57 is not only consistent with but is suggested by Civil Rules 41.03 (requiring the Rules to be construed to secure simplicity and uniformity in civil procedures, fairness in the administration of justice, and the elimination of unjustified expense and delay) and 41.06 (allowing the court to proceed in any lawful manner consistent with the appropriate statute and precedent and not inconsistent with the rules where no procedure is specifically provided by rule). See also 27 C.J.S. Discovery § 59, p. 180. The tactical burden assumed by a plaintiff in proceeding to trial in plaintiff's absence is likely to limit frequent resort to this course. However, such plaintiff should not be denied his procedural right to do this. Compare: Richmond v. Brooks, supra, 227 F.2d l. c. 492, Headnote 2.

---

1. All Civil Rules references herein are to V.A.M.R.

■ While fully aware that the state is an interested party in divorce actions (cases digested in West's Mo.Dig., Vol. 11, Divorce, ⬯11), we see no reason why such construction should not apply to a divorce case. Civil Rule 88.01, effective July 1, 1961, provides: "All actions for divorce and alimony or maintenance shall be tried by the court, and the like process and proceedings shall be had in such causes as are had in other civil suits. * * *" The rule does not require personal appearance at trial. Civil Rule 57.29(a) allows depositions to be read and used in evidence as if the witness were present and examined in open court on the trial thereof. The similar Federal Rule 26(d) has been construed to apply to depositions of all witnesses, including parties (Richmond v. Brooks, supra, l. c. 491–492).

■ In the absence of statute or rule of court providing to the contrary, it is the general view that depositions may be taken and used in divorce cases the same as in other litigation, but with no greater latitude (3 Nelson, Divorce and Annulment, 2d Ed., Par. 25.01, p. 43). See: Kinsley v. Kinsley, 388 Ill. 194, 57 N.E.2d 449, 451 (where the court states: "If Section 4 of Rule 60 [requiring a plaintiff in a default divorce case to personally appear in open court for examination by the court] were to stand, we can readily imagine many injustices which might arise to a citizen engaged in foreign lands with the armed forces. Not only the fear of unjust allotments, but many questions of inheritance and other rights growing out of the marital relation would be seriously affected.") and Carver v. Carver, Sup., 86 N.Y.S.2d 15, 16, a suit by a wife for separation from her husband where it was inadvisable for her to travel to New York from Tennessee for trial of the case and the court held she was entitled to have her testimony taken prior to trial.

Cases to the contrary are readily distinguishable either upon the facts therein or under different statute or rule wording.

See: Reynolds v. Reynolds, 217 Ga. 234, 123 S.E.2d 115 (Distinguished on its facts in Randall v. LeGate, 115 Ga.App. 574, 155 S.E.2d 415); Cannon v. Cannon (Sup., D.C. 1936) 80 F.Supp. 79, 80; Clough v. Clough, 80 N.H. 462, 119 A. 327).

■ The right of a party litigant to take the deposition of any witness is an absolute right and the manner of taking the deposition, is dependent upon circumstances (State ex rel. Nichols v. Killoren, Mo.App., 285 S.W.2d 38, 41, noting that the right is absolute and the court has discretion merely in deciding the manner in which the deposition may be taken; State ex rel. Wilson v. Burney, 193 Mo.App. 326, 186 S.W. 23, 27; Ex parte Welborn, 237 Mo. 297, 141 S.W. 31, 33; State ex rel. Houser v. Goodman, Mo. App., 406 S.W.2d 121, 125). Rule 57.01(a) clearly provides: "After commencement of the action the deposition may be taken *without leave of court*." (Emphasis supplied.)

■ Rules 57.01(a) and 57.47(a) give Relator the legal right to direct interrogatories to himself. We need not reach the question of whether Rule 56.01(a), also relied on by Relator, is relevant to the question presented in this case. Nor do we look to the Soldiers' and Sailors' Civil Relief Act, as amended (50 U.S.C.A., App., Sec. 510 et seq.), which Relater cites in his suggestions. In connection with Relator's military status, however, we see no reason to penalize Relator because he was in St. Louis for several short periods while in military service. (See: Richmond v. Brooks, supra, 227 F.2d l. c. 493, where the court said no reason was apparent to justify requiring plaintiff to live in New York "awaiting the uncertain call of a case for trial or be penalized for a normal Christmas trip"). The authorities urged by Respondent (Hendricks v. St. Louis Transit Co., 124 Mo.App. 157, 101 S.W. 675, and Shepard v. Missouri Pac. Ry. Co., 85 Mo. 629) do not support his position. Nor do the Rules allowing a party to obtain a commission for taking depositions (Rules 57.02 and 57.14).

Relator does not request or seek a commission, but merely to proceed with a deposition without commission. This he has the right to do under the circumstances in this case (Cf. Glenn v. Hunt, 120 Mo. 330, 25 S.W. 181, 183). To heed the wife's objection that such procedure deprives her of the right of cross-examination would ignore the purpose of our discovery rules. As early as 1885 our Supreme Court so indicated (Shepard, supra, 85 Mo. l. c. 631–632).

 The Guardian did not submit cross-interrogatories, or move that the deposition not be taken, or that it be taken at a different place, or that the scope of the interrogatories be limited or extended or changed in any way, or that Relator's deposition be taken orally, or move for a protective order of any kind. In such procedural posture, and with Relator being unable because of his military service to be personally present to prosecute his divorce action, Respondent's order exceeded his authority. Compare: State ex rel. Houser v. Goodman, supra, 406 S.W.2d 121, 126.

Our alternative writ issued with copies of Relator's petition for the writ with Relator's motion in the circuit court and the proposed interrogatories attached. While the writ did not expressly make the attachments a part of the writ, we consider them as part of the writ for the purpose of ruling on Respondent's motion to quash the writ, the parties having stipulated with consent of this court to submit the matter on the papers filed as noted above (Compare: State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert, Mo.App., 424 S.W.2d 73, Headnotes 3, 4, 5, 6). Our above views and holding on the merits require us to overrule the motion to quash.

Our alternative writ should and is hereby made absolute, directing Respondent, without further excuse or delay, to allow Relator's petition for leave to take his own deposition upon written interrogatories in

Case No. 86989E of the causes of the Circuit Court in the City of St. Louis.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.