Joseph W. G. Stephens, Jr. v. Commissioner.
Stephens v. Comm'r
Docket No. 6549-66.
United States Tax Court
T.C. Memo 1969-51; 1969 Tax Ct. Memo LEXIS 242; 28 T.C.M. (CCH) 290; T.C.M. (RIA) 69051; March 17, 1969, Filed *242 Held, respondent correctly disallowed $600 (personal exemption) of a net operating loss of $688.38 for the calendar year 1963 claimed by petitioner on his "Application For Tentative Carryback Adjustment" to the calendar year 1961 under the provisions of section 172, I.R.C. 1954, after the respondent had previously tentatively allowed a net operating loss carryback of $688.38 from 1963 to 1961 under the provisions of sections 6411, I.R.C. 1954. Joseph W. G. Stephens, Jr., pro se, 324 W. Hunting Towers, Alexandria, Va. Joseph N. Ingolia, for the respondent. STERRETT
[Memorandum Findings of Fact and Opinion] STERRETT, Judge: [1] *243 Respondent determined a deficiency in income tax for the calendar year 1961 in the amount of $49. Prior to trial on the merits, several hearings were held on procedural matters of which no further reference will be made. The only issue involved is whether the respondent correctly disallowed $600 (personal exemption) of a net operating loss of $688.38 for the calendar year 1963 claimed by petitioner on his "Application For Tentative Carryback Adjustment" to the calendar year 1961 under the provisions of section 172, I.R.C. 1954, [2] after the respondent had previously tentatively allowed a net operating loss carryback of $688.38 from 1963 to 1961 under the provisions of section 6411. Findings of Fact Petitioner is an individual who resided in Alexandria, Virginia, at the time of the filing of his petition. He duly filed his Federal income tax return for the calendar year 1961 with the district director of internal revenue in Richmond, Virginia. Petitioner was self-employed. His principal business activity was operating an advertising and sample distribution service. On his Federal income tax return for 1961, petitioner reported *244 a total income of $1,355.02 made up of the following: Interest and rent
$ 494.39
Business income 860.63
Total income
$1,355.02
Petitioner elected to compute his tax on his total income which was also his adjusted gross income in accordance with the table shown in section 3, I.R.C. 1954, as amended, and in force on January 3, 1961. This table provided that if the adjusted gross income is at least $1,350 but less than $1,375, the tax is $125. On Schedule C-3 of his return, petitioner computed his social security self-employment tax on his self-employment income as being $19.60, which he added to the $125 making a total tax for the year 1961 of $144.60. On September 3, 1964, petitioner filed a Federal income tax return for the calendar year 1963 and on page 1 thereof reported a loss of $688.38 made up of the following: Interest Income
$ 77.39
Rents, etc. Loss (77.90)
Total Loss
(00.51)
Itemized deductions 87.87
Subtract deductions
(88.38)
Personal exemption 600.00
Subtract exemption Loss
(688.38)
Also on September 3, 1964, petitioner filed on Form 1045 an "Application For Tentative Carryback Adjustment" of a net operating loss of $688.38 from 1963 to 1961. Accompanying this application was a handwritten *245 letter dated September 3, 1964, from petitioner to Edna E. Carver, the body of which is as follows: Dear Miss Carver Reference your last letter of May 17, 1963 (Code 2113-IRS). Please find enclosed my Application for Tentative Carryback Adjustment for 1963 (Form 1045). I have completed this form to the best of my ability but since I do not understand it in its entirety I will trust to you to send me an analyses of the amount of refund due me, if any, similar to the analysis in your May 17, 1963 letter. I hope you will be able to accommodate me in this matter. Thank you, On November 2, 1964, which was within the 90-day period specified in section 6411 (b), the respondent mailed to petitioner a "Notice of Allowance of Tentative Carry-back Adjustment" on Form 7780-B showing a refund due of $67 as a result of the carry-back from 1963 to 1961. Under separate cover was a check for $70.36 representing the overpayment of tax of $67 together with interest of $3.36. Item 7 of Form 7780-B stated: 7. Your application for refund of taxes due to carryback of net operating loss is allowed under the provisions of section 6411 of the Internal Revenue Code of 1954, or comparable provisions of the 1939 *246 Code, in the amount stated in item 5. This allowance is a tentative adjustment pending an audit of the returns concerned. To the extent your application is not allowed, this is the notice of disallowance. Upon receipt of Form 7780-B petitioner, on November 6, 1964, addressed a letter to the district director of internal revenue, a portion of which reads as follows: Referring to Edna E. Carver's letter of May 17, 1963, it is noted from page 2 of that letter that my total tax liability (paid in) at that time was $86.60. [3] *247 It was presumed, on the basis of my claim of a net operating loss of $688.38 in 1963 (as shown on Form 1045) that the refund due me would be $86.60, plus 6% simple interest, rather than only $67.00, plus $3.36 simple interest, as shown on your Form 7780-B dated 11/2/64. Could you please provide me with detailed computations, similar to the style of presentation used in Edna Carver's May 17, 1963 letter, showing how it was arrived at that only $67.00 overpayment should be refunded instead of $86.60 as originally anticipated? On November 23, 1964 the district director answered petitioner's letter of November 6, 1964, as follows: Dear Mr. Stephens: No adjustment is made to the self-employment tax by reason of any net operating loss carryback. The tax as shown in Miss Carver's letter shows the correct computation of income tax from the table as $67.00. The refund check which *248 you received for $67.00, plus interest, should be endorsed and cashed, if you have not already cashed it. In a statement attached to the deficiency notice the respondent explained his determination of the deficiency of $49 as follows: Taxable Year Ended December 31, 1961 Adjustments to Taxable Income
Adjusted gross income disclosed by return
$1,355.02
Additional income and unallowable deductions:
(a) Net operating loss from 1962 $326.76
(b) Net operating loss from 1963 88.38
415.14
Corrected adjusted gross income $ 939.88
Explanation of Adjustments
(a) Net operating loss from 1962 is computed as follows: 1962 loss
$1,136.58
Less:
Used in 1959
$276.77
Used in 1960 533.05
809.82
Balance (Net operating loss carry- over to the year 1961) $ 326.76
(b) It has been determined that you sustained a net operating loss in the year 1963 of $88.38 rather than in the amount of $688.38 as claimed, per the following computation: Statutory loss shown on 1963 return
$688.38
Add back personal exemption (Section 172(d)(3) Internal Revenue Code) 600.00
Net operating loss available as a carryback to the year 1961 $ 88.38 Accordingly, the tentative refund of $67.00 made pursuant to your application for a tentative carryback *249 adjustment for the year 1961 in respect of the 1963 net operating loss has been determined to have been erroneous in part. Therefore it is held that the excessive amount refunded, $49.00, constitutes a statutory deficiency in income tax. Computation of Income Tax
Corrected adjusted gross income
$939.88
Income tax - separate basis, with one allowable exemption, Section 3, Internal Revenue Code
$ 49.00
Self-employment tax 19.60
Total income tax liability
$ 68.60
Liability disclosed by return
$144.60
Less refunds:
Form 1045 3/4/63
(58.00)
Form 1045 11/2/64
(67.00)
Net prior assessments 19.60
Deficiency $ 49.00 Opinion Petitioner's principal contention appears to be that after respondent by his letter of November 23, 1964 answered petitioner's letter of November 6, 1964, he was estopped from later determining any deficiency for the year 1961. [4] *250 We do not agree with this apparent contention. Section 172(a) and (b)(1)(A) allows as a deduction for the taxable year net operating loss carrybacks to such year. The taxable year here is 1961. Simultaneously with the filing of his return for 1963, petitioner, in accordance with section 6411(a), filed an application for a tentative carryback of a net operating loss of $688.38 from 1963 to 1961. Under section 6411(b) the Commissioner was required, within a period of 90 days, to "make to the extent he deems practicable in such period a limited examination of the application * * * and shall determine the amount of the decrease in the tax attributed to such carryback" and within such 90-day period either credit or refund the decrease in tax to the taxpayer. The Commissioner within the 90-day period complied with section 6411(b) and on November 2, 1964 sent petitioner a notice of allowance of tentative carryback adjustment *251 on Form 7780-B on which was contained the notation that "This allowance is a tentative adjustment pending an audit of the returns concerned." Petitioner in his letter dated November 6, 1964 inquired as to why the refund was only $67 instead of $86.60. The difference of $19.60 was the self-employment tax shown on the 1961 return. On November 23, 1964, the district director advised petitioner that no adjustment could be made to the self-employment tax by reason of any net operating loss carryback and advised petitioner to cash the check for $67 plus interest "if you have not already cashed it." The district director's advice was based upon a correct interpretation of section 1402 of the Code. [5]
The Commissioner then made the "audit of the returns" referred to in his notice on Form 7780-B and determined that petitioner's net operating loss for 1963 was $88.38 instead of $688.38, due to the erroneous deduction by petitioner of his personal exemption of $600 which is not allowable under the specific provisions of section 172(d)(3). *252 [6] The resulting deficiency of $49 was due to this correct disallowance of the personal exemption. Petitioner does not appear to contest this fact. In addition, the taxpayer can not prevail in his contention that the Commissioner is estopped from determining the deficiency by reason of his previous notice on November 2, 1964 and his letter of November 23, 1964. The Courts have indicated that it is questionable whether the doctrine of equitable estoppel exists against the Government in tax cases and have intimated that, if applied at all, it is to be applied sparingly and with the utmost caution. Guenzel's Estate v. Commissioner, 258 F. 2d 248 (C.A. 8, 1958); Goldstein v. United States, 227 F. 2d 1 (C.A. 8, 1955). Thus, for example, the doctrine is not a bar to the correction by the Commissioner of a mistake of law. Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957). In the instant case, however, the respondent did not *253 even make a mistake of law. The notice of November 2, 1964 was made in accordance with section 6411(b) and his letter dated November 23, 1964 was no more than a letter of courtesy to petitioner in answer to petitioner's inquiry of November 6, 1964. To allege that either of these documents "expunged" the tentative nature of the refund of $67 is totally without merit. See section 6213(b)(2). [7] We have carefully considered each and every argument made by petitioner in his briefs and have concluded that the respondent committed no error in the determination of the deficiency herein. We, therefore, affirm the respondent's determination. *254 Decision will be entered for the respondent. Footnotes
1. This case was tried by Judge C. Rogers Arundell (Recalled), and briefs have been duly filed. Judge Arundell died on May 28, 1968. This case, not having been disposed of, notice of reassignment was given to the parties on June 5, 1968, suggesting that either party could file a motion for rehearing or reargument on or before July 8, 1968. Neither party responded to this notice of reassignment. An order reassigning the case to Judge Samuel B. Sterrett for disposition thereof was entered on October 22, 1968.
2. All Code references hereinafter made are to the Internal Revenue Code of 1954 unless specifically otherwise stated.↩
3. An explanation of the derivation of the $86.60 figure is in order. The respondent had previously allowed petitioner a net operating loss carryback from 1962 to 1961 of $326.76. This reduced petitioner's adjusted gross income for 1961 from $1,355.02 to $1,028.26, the tax on which under section 3 of the I.R.C. was $67, thus entitling petitioner to a refund of $58 ($125 less $67) due to the carryback from 1962 and a "tax liability (paid-in)" of $88.60 computed as follows: Tax on $1,028.26
$67.00
Self-employment tax 19.60
Total
$86.60
The tentative allowance of a net operating loss carryback from 1963 to 1961 of $688.38 further reduced petitioner's adjusted gross income for 1961 from $1,028.26 to $339.88, the tax on which under section 3, supra, was zero. The reason only $67 was refundable due to the tentative carryback from 1963 is that under section 1402(a)(4), relating to tax on self-employment income "the deduction for net operating losses provided in section 172↩ shall not be allowed."
4. At the trial on the merits petitioner made this statement: Petitioner admits to the tentative character of the refund prior to receipt of the final official confirmation notice of November 23, 1964. But upon receipt of this notice, which was issued at his request, he contends that the tentative nature of the refund ceases to exist and becomes a permanent and irrevocable refund. The notice attests to the correctness of the refund and supersedes and expunges the applicability of Code Section 6411(a)(b)↩ because of the intrinsic implication in the official notice that a re-examination was made of the application to verify its correctness.
5. SEC. 1402 DEFINITIONS. (a) Net Earnings from Self-employment. * * * * * * (4) the deduction for net operating losses provided in section 172↩ shall not be allowed;
6. SEC. 172. NET OPERATING LOSS DEDUCTION. * * * (d) Modifications * * * (3) Deduction for Personal Exemptions. - No deduction shall be allowed under section 151 (relating to personal exemptions). No deduction in lieu of any such deduction shall be allowed.↩
7. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. * * * (b) Exceptions to Restrictions on Assessment. - * * * (2) Assessments Arising Out of Tentative Carryback Adjustments. - If the Secretary or his delegate determines that the amount applied, credited, or refunded under section 6411↩ is in excess of the overassessment attributable to the carryback with respect to which such amount was applied, credited, or refunded, he may assess the amount of the excess as a deficiency as if it were due to a mathematical error appearing on the return.