STATE of Missouri at the Relation of Virginia KING, Relator,

v.

The Honorable William M. TURPIN, Judge of Division No. 1 of the Circuit Court of St. Charles County, Respondent.

No. 40920.

Missouri Court of Appeals, Eastern District, Division Three.

May 9, 1979.

Daniel J. McMichael, Clayton, for relator.

Walter J. Gelber, Clayton, for respondent.

CRIST, Judge.

Original proceeding in prohibition. Preliminary writ of prohibition made absolute.

Relator Virginia King, defendant in the case of Dettie White, et al. v. Virginia King, complains that the respondent erred in ruling that she could not depose a witness after the case was set for trial because of Rule 6 of the Eleventh Judicial Circuit Court Rules. We agree.

On August 7, 1978, relator obtained a trial setting for October 16, 17, and 18, 1978. On August 21, 1978, she served no-

tice to take the deposition of Dr. Burd in Nashville, Tennessee on September 7, 1978. Thereafter, on September 11, 1978, she served a new notice to take the deposition on September 18, 1978. Plaintiffs filed their motion for protective order. Respondent sustained the motion "for failure [of] defendant to comply with Rule 6 of this Court."

Essentially, in order to get a case on the trial docket of the Circuit Court of St. Charles County, Missouri, a party to the action must, pursuant to local Rule 6, file a certificate of readiness with the Clerk of the Circuit Court of St. Charles County wherein it is stated that all discovery has been completed on behalf of the applicant for trial setting, and a copy thereof must be mailed to all other attorneys of record pursuant to Rule 6(3)(a). Under the terms of said Rule 6 any litigant not a party to the application for trial setting may apply for additional time to complete discovery.

Rule 56.01(a) provides that discovery shall not be limited "[u]nless the court orders otherwise under subdivision (c) of this Rule, . . ." Subdivision (c) deals with protective orders. Local court rules cannot arbitrarily infringe upon the right of a party to take a deposition. Respondent's interpretation of Rule 6 does just that—no discovery after you have filed a certificate of readiness.

The right to take a deposition is absolute excepting as provided in Rule 56.-01. *Norkunas v. Norkunas*, 480 S.W.2d 92, 94 (Mo.App.1972); *State ex rel. Chandler v.* *Scott*, 427 S.W.2d 759, 762 (Mo.App.1968); and *State ex rel. Houser v. Goodman*, 406 S.W.2d 121, 125 (Mo.App.1966).

Rule 50.01 permits circuit courts to make rules governing judicial business, but it does not permit those courts to make rules contrary to the rules of the Supreme Court. *Cf. Wade v. Wade*, 395 S.W.2d 515 (Mo.App.1965) (construing a St. Louis County Circuit Court Rule to be in conflict with Rule 43.01(a)). Respondent's interpretation of Rule 6 unduly restricted the right to take depositions, contrary to Rule 56.01.

Our preliminary writ of prohibition is made absolute.

REINHARD, P. J., dissents in separate opinion.

GUNN, J., concurs in result only and in separate concurring opinion.

REINHARD, Presiding Judge, dissenting.

Although I find my views close to those expressed by Judge Gunn in his concurring opinion, I dissent from the decision of the majority.

The petition in this damage suit was filed on July 7, 1977. Plaintiff filed her first certificate of readiness on January 21, 1978. On January 30, defendant objected to plaintiff's certificate of readiness, claiming "that plaintiff's deposition had not been taken and because she had not had her statutory examination." In compliance with the 11th Circuit Court's Local Rule 6(3)(6),[1] the clerk

---

1. RULES Assignment of Causes and Settings for Trial

   (1) All causes, civil, criminal, juvenile and other proceedings instituted in the respective counties of this court, and appeals thereto shall be forthwith and originally assigned to the assignment division of this court.

   (2) Causes to be tried, until all preliminary motions shall be disposed of, the pleadings therein made up, and trial dates set shall be retained in a general docket, except that any said cause may be assigned to a trial division for purposes of a pretrial conference and shall thereafter be tried in that Division.

   (3) Setting Cases for Trial: After a case is at issue, it will be placed on Trial Docket at the request of either party when that party has completed his discovery. . . .

   (a) The request shall be filed with the clerk, and a copy mailed to all parties or their attorneys of record. Ten days after receipt thereof, the clerk shall place the case on the Court's Trial Docket, unless otherwise directed by the Court.

   (b) Applications for additional time to complete discovery shall be filed within ten days of receipt of request to place the case on the trial docket and if such application is timely made the clerk shall not place the case on the trial docket. In said case the party seeking to place the case on the trial docket may 30 days from the date of first filing his previous request file a

automatically took the case off the trial calendar. On April 13, 1978, plaintiff filed a second certificate of readiness as allowed by the rules; defendant again objected within ten days. On April 28, 1978, the court overruled defendant's objections to plaintiff's certificate of readiness. The case was set for trial on June 26, 1978, but was not reached on that date. Upon the request allegedly made by the defendant on August 7, 1978, the case was then set for trial October 16, 17 and 18, 1978.

On August 21, 1978, defendant filed notice of the deposition of Dr. Burd in Nashville, Tennessee. Plaintiff filed a motion for a protective order. Using its local Rule 6 as the basis, the court sustained the request for a protective order.

At issue before us are the two grounds which defendant presented to us in the petition for Writ of Prohibition and in defendant's brief. Defendant first contends that Rule 6 does not prohibit discovery after the case is set for trial and secondly argues that the rule is null and void because it is contrary to the rules of the Missouri Supreme Court.

As to the former contention, defendant does not consider whether the rule prohibits further discovery by the party asking for a trial setting, but claims that the party not requesting a trial setting is not prohibited from taking further discovery.[2] In any case, I believe that a reading of the entire rule indicates that a party not requesting a trial setting is prohibited from taking further discovery if the case is set for trial. Rule 6(3)(6) provides that applications for additional time to complete discovery shall be filed within ten days of receipt of a request to place the case on the trial docket. If such an application is timely made, "the clerk shall not place the case on the trial docket." The rule further provides that the parties seeking a trial setting may file a second certificate of readiness thirty days after filing the original certificate. At this time, the clerk shall place the case on the trial docket. It can then be removed from the trial docket only for good cause shown, this to be done by motion and notice within ten days after the filing of the second certificate of readiness. If not removed from the docket, the case shall then be set and all counsel shall be deemed ready for trial. The trial court has construed and applied the rules to prohibit further discovery after the case is set for trial. With this language that all parties are deemed ready, considered in the context of the other provisions of the rule, I believe that a fair reading of the rule supports this construction and application.

However, the crucial issue in this case is that addressed by the majority opinion: whether the trial court can by rule limit the time of taking discovery or whether the only limitation on discovery is that provided in Supreme Court Rules.

Rules prohibiting or limiting discovery after a case is set for trial are in existence in many of the circuits of the state, both urban and rural. The effect of the majority opinion would be to undermine such rules. The majority says this rule is void as applied because it is contrary to Missouri Supreme Court Rules. The majority opinion relies, as does defendant, upon Rule 50.01, which provides for local rules, but states that they cannot be "inconsistent with the rules of . . . [the Supreme] Court, the Constitution or statutory law in force." Defendant further relies on Rule 56.01, the rule pertaining to discovery, which states, "Unless the court orders otherwise under subdivision (c) of this Rule, the frequency of use of these methods is not limited." Defendant finally seizes upon a few cases which state that the right to take a deposition is absolute. Reviewing the Supreme Court rules, I do not believe that they prohibit the application of rules such as Rule 6

---

subsequent request and the case shall then be placed on the trial docket by the Clerk and may be removed only on Court order for good cause shown upon motion and notice to opposing counsel. Such motion shall be filed within 10 days after receipt of the certificate of readiness

or the cause will, upon request, be set for trial and all counsel shall be deemed ready for trial.

2. Plaintiff contends that it was the defendant who asked for the trial setting on August 7, 1978.

as a means of controlling the flow of cases in the circuit court. Nor am I persuaded by the cases offered by defendant, because none of those cases confronted the right of the circuit court to reasonably restrict the time in which depositions can be taken.

The value and propriety of local court rules is well established. See specifically Section 478.245, V.A.M.S. (1979) which provides for the adoption of the rules by the circuit courts.[3] Moreover, a perusal of Supreme Court Rules other than those cited by defendant reveals recognition of local court rules, as well as of potential time limitations on discovery. Rule 63.02 makes the following provisions for trial settings in multiple-judge circuits: "In multiple-judge circuits, civil actions shall be set for trial in accordance with the *rules of court*." (Emphasis added). Rule 63.01, relating to single-judge circuits, provides, inter alia, that a case may be set for trial by a party "[U]pon request of any party, when the issues have been joined and *a reasonable time has elapsed for discovery*, if five days' written notice (stating the date upon which such order setting the civil action for trial shall be requested) has been given by the requesting party to all other parties." (Emphasis added). Rule 63.01 recognizes that, after the issues are joined, a reasonable time should pass during which parties can complete their discovery.

Examination of Rule 6 shows that it is reasonable *and* that neither parties "absolute" right to discovery is impeded. Neither party is required to ask for a trial setting. Prior to a request for a trial setting, either party may pursue its "absolute" right to discovery. The party wanting to try his case informs the court by the certificate of readiness that his discovery is complete. His adversary is not prohibited from taking further discovery. However, he is on notice that the case is going to be tried and that further discovery may be pursued by objecting to the trial setting within ten days of receipt of the request for a setting. If there is such an objection, the requesting party cannot file another certificate of readiness until 30 days have passed since the date on which he filed his previous request. This gives the non-requesting party a minimum of 30 days in which to pursue further discovery after an initial request for a trial setting has been made. I cannot read into the Supreme Court Rules any requirement that local rules of this nature are prohibited.

The Supreme Court has placed upon the judges the responsibility for the orderly disposition of cases on file within the circuits. Obviously, those circuits which have adopted rules similar to Rule 6 believe that such rules will assist them in performing their function.[4] I believe that such local rules can be an appropriate device for effecting orderly operation of the court. However, they must be reasonable and fairly enforced. Moreover, they can only operate in circuits where trials are set within 90 days of request or less; liberal exceptions must be made in cases where facts are changing prior to trial.

Perhaps the better written rule would specifically provide that no additional discovery could be taken without an order of the court after the case is once set for trial. However, it is not the function of this court to write rules for the circuit courts. Should circumstances arise requiring emergency relief, either party should be able to freely

---

3. This statutory provision is an outgrowth of activity initiated in the 1960's when the Missouri Bar started on the process of court reform. A basis for the reform was the public's complaint concerning the failure of the system to expeditiously move cases. In 1972 and 1976 the voters of this state amended the constitution in furtherance of the original objectives of the Missouri Bar.

4. On September 19, 1978, defendants filed their suggestions in support of the original petition in prohibition. We quote the first paragraph:

"Relators' attorneys would like to preface their suggestions in support of their petition by expressing their appreciation for the disciplined manner in which the 11th Judicial Circuit's docket is run. The court's strict attitude about settings and continuances is good for the public at large and the Bar in particular. No doubt the ruling complained of herein was made with a view towards maintaining this discipline and moving the docket in general, and this case in particular, to a speedy conclusion.

petition the court for such relief. Allowances also must be made for the preservation of testimony of one's own witness for use at trial. Rule 6 does not preclude such action. Furthermore, even though both parties may have filed certificates of readiness they have no control over the actual date the case is set for trial. In many cases, the parties are uncertain as to the availability of their witnesses, especially medical witnesses. Unforeseen unavailability might necessitate the taking of additional depositions. The failure to grant relief under these or other emergency circumstances would be an abuse of discretion entitling a party to interference by an appellate court. This is not the case here.

As previously noted defendant does not contend that the court has abused its discretion, and as the case reaches us here I find none. More specifically, there is no allegation before this court, nor was there any before the circuit court, that Dr. Burd's testimony or availability was altered in any manner from the time of the original trial setting in June to the second trial setting in October, 1978. It was not alleged that Dr. Burd was available for the first trial date, but not for the second. No allegation is made that, in the period of months after the last amendment of the pleadings, subsequent discovery revealed anything new regarding Dr. Burd's testimony. That the circuit court, in setting the trial for June, made an exception for some additional discovery undermines any contention that the court acted arbitrarily. After the case was originally set in June, the parties conducted extensive discovery; clearly in this case the St. Charles Circuit Court has not been inflexible as to Rule 6.

Although the attorneys involved in this litigation maintained their offices outside the 11th circuit, there is no complaint here that they were surprised by this rule. Twice the rule was invoked by defendant in an attempt to prevent the case from being set for trial.

I believe that the preliminary writ was improvidently issued and that it should be dissolved.

GUNN, Judge, concurring.

I concur with the result reached by the majority. I believe that the circuit court has the right to adopt and invoke court rules, such as Rule 6, governing judicial business. But care must be taken in the imposition of such rules so as not to clash with the specific intendment of the discovery procedures of Rule 56.01—the allowance of broad latitude in discovery process.

I can see that a rigid and invariable application of Rule 6 could violate the purpose of Rule 56.01 and at the same time provide no meaningful benefit to the trial court. For example, under Rule 6 no further discovery would be allowed in a case which has finally been set for trial although such discovery causes the trial no inconvenience as in the case where a case is scheduled for trial some substantial time in the future. Application of Rule 6 in such a situation would serve no purpose except to frustrate Rule 56.01.

However, I fully recognize the need for the trial court to be able to conduct its business as efficiently as possible taking into consideration the best interests of all parties involved in the litigation. Without some strictures, deliberate last minute requests for discovery could interfere with docket planning, causing unfair and unreasonable delay, confusion and interference with orderly process of court procedures, scheduling of cases and trial preparation.

Under the circumstances of this case I cannot see where the proposed discovery sought by the relator was so unreasonable as to disturb orderly court business. I therefore concur in the result reached by the majority.