**Donald D. CAIFANO, et al.,
Plaintiffs–Appellants,**

v.

**Douglas W. DODDS, et al.,
Defendants–Respondents.**

No. 54086.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 24, 1989.

Jay R. Burns, Jr., Ferguson, for plaintiffs-appellants.

W.W. Sleater, Kirkwood, David Hamilton, Clayton, for defendants-respondents.

SMITH, Presiding Judge.

On October 18, 1974, plaintiffs filed their four count lawsuit against Douglas Dodds and what was then Pine Lawn Bank and Trust Company (now Landmark Bank). On November 25, 1987, after six visits by the case to the dismissal docket and one dismissal for plaintiffs' failure to comply with discovery, the court dismissed the lawsuit with prejudice as to both defendants. Upon plaintiffs' appeal of that order, we affirm.

It is unnecessary to review in detail the history of this case prior to 1985 other than to note that from its original filing until September 1982 it had appeared on and been removed from the dismissal docket five times and that from 1982 until 1985 it had been continuously reset for trial but never tried. In 1985 new counsel for the bank entered their appearance. The bank filed, with leave of court, an amended answer and counterclaims against plaintiffs. It then sought to depose the lead plaintiff, Donald Caifano, who failed to appear for the deposition. The bank filed a motion for sanctions and on September 11, 1985, the court dismissed plaintiffs' petition without prejudice and ordered the bank's counterclaim to be continued from its trial setting to be reset later. On September 11, 1986, at 4:19 p.m., plaintiffs filed a petition seeking essentially the same relief as was requested in their dismissed petition. The cause number shown on the refiled petition was the same number as the previously dismissed petition.

With the petition, plaintiffs filed a court memo stating the petition was refiled "pursuant to Rule 67.03" and stating further "Summons Ordered to issue for all defendants for service as disclosed in the caption of the Petition." In fact no service was issued and notification of the petition was given by plaintiffs only by mailing a copy to the attorneys who represented Dodds and the bank on September 11, 1985. On the memo filed with the petition, the trial court struck out the printed words "So ordered" and wrote in "Set on Motion Docket." The next minute entry was October 6, 1987 when the case was placed on the dismissal docket. On November 11, 1987, "by leave" the cause was removed from the dismissal docket and set for trial on December 7, 1987. On November 20, 1987, Landmark filed a motion for reconsideration of the order removing the case from the dismissal docket and a motion to dismiss the cause with prejudice. On the same day, Dodds filed his special appearance and motion to dismiss. The motions were set for hearing on November 25, 1987. On that date the court dismissed plaintiffs' petition against Dodds with prejudice. It also granted Landmark's motion for reconsideration and upon reconsideration dismissed plaintiffs' claim against Landmark "with prejudice for failure to prosecute." It held Landmark's separate motion to dismiss as moot in view of the court's ruling on the motion for reconsideration. At the same date Landmark dismissed its counterclaim "without prejudice."

In its order the court stated:

In entering this order the court has considered the following factors:

"This case has been pending since 1974 and has been on the dismissal docket six (6) times and has been dismissed one time for failure to comply with discovery.

"Plaintiffs had no standing to request removal from the dismissal docket because it failed to bring another civil action pursuant to Rule 67.03 and 516.230 RSMo (1986). Plaintiffs' petition

presented in cause no. 361019 on September 11, 1986 was received by the Court as a motion to refile which was never called for hearing and was therefore never granted."

■ From this recitation of the facts of record it is apparent that plaintiffs' refiled petition was considered by the trial court as an attempted refiling within the same lawsuit and not as an attempt to utilize the statute of limitations savings clause in Sec. 516.230 RSMo 1986. That section allows a plaintiff who has suffered a non-suit to "commence a new action from time to time, within one year after such nonsuit...." Plaintiffs did not commence a new action. This is clear from the utilization of the same file number on the petition and the failure or refusal of plaintiffs to actually attempt new service on the defendants as required by the rules for a new lawsuit. Rule 54. The failure to attempt or effectuate service would in any event serve to preclude application of the savings clause thereby barring plaintiffs' claim. *U.S. Laminating Corp. v. Consol. Freightways,* 716 S.W.2d 847 (Mo.App.1986) l.c. 849. We find no error in the trial court treating plaintiffs' refiled petition as an attempt to proceed further in the original lawsuit.

■ Upon filing of the petition, the trial court immediately placed the matter on the motion docket. Plaintiffs took no steps to have the matter brought up on that docket. When plaintiffs' petition was dismissed in September 1985, without leave to amend, the counterclaim became the primary pleading and the refiled petition became a counterclaim. Because the petition was untimely filed (Rule 55.32), leave of court was necessary to file it. Rule 44.01(b). Hence, the reason for placing it on the motion docket. The petition, never approved for filing by the court, languished until it was placed on the dismissal docket a year later. Only then did plaintiffs seek to have the court take any action on the petition. The trial court held a hearing and after that hearing ordered the case dismissed for failure to prosecute. Dismissal for failure to prosecute is a matter within the sound discretion of the trial court. *Shirrell v. Mis-*

*souri Edison Co.,* 535 S.W.2d 446 (Mo. banc 1976) [1]. We find no abuse of that discretion here. Not only was this case virtually ignored from 1974 until 1985, it was also dismissed for failure to make discovery. Following that dismissal a full year passed before a new petition was filed and more than a year passed thereafter before plaintiffs took any further action.

We presume the trial court's discretionary ruling is correct and will reverse only if the plaintiff carries the burden of establishing that the court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co., supra,* [2]. Plaintiffs have not carried that burden. Unlike *Horobec v. Mueller,* 628 S.W.2d 942 (Mo.App.1982) relied upon by plaintiffs, the delays in this case occurred throughout the thirteen year history of the litigation including more than a year immediately prior to the final dismissal.

■ Plaintiffs also contend that the court's action was in violation of local Rule 37 which provides that cases on the dismissal docket not properly removed from that docket will be dismissed "without prejudice." To the extent this rule precludes a trial judge from dismissing a case for failure to prosecute "with prejudice" it is in conflict with Supreme Court Rules 67.02 and 67.03. The former authorizes dismissal for failure to prosecute and the latter provides that any involuntary dismissal, such as this, is with prejudice unless otherwise ordered by the court except in four specified circumstances not applicable here. Rule 50.01 permits courts to promulgate local rules "if the rules are not inconsistent" with Supreme Court rules. *State ex rel King v. Turpin,* 581 S.W.2d 929 (Mo. App.1979) [3,4]. Local Rule 37 could not preclude the trial court from exercising its discretion to dismiss this cause "with prejudice."

■ Plaintiffs also contend that they were denied due process because they lacked adequate notice of the trial court's intention to dismiss with prejudice. The

**690**

point is frivolous. They had adequate notice of defendant's motion to dismiss, Rule 67.03 authorizes an involuntary dismissal to be with prejudice and plaintiffs appeared at the hearing and presented arguments as to why dismissal should not occur.

As to the dismissal as to Dodds, he was no longer a party to the lawsuit after the September 1985 dismissal. He was not therefore represented by counsel of record in the lawsuit because as to him there was no lawsuit. He had no counterclaim and there were no cross-claims against him. He could not be served therefore under Rule 43.01(b) by service upon his attorney. There was no other service on him and he was properly dismissed on his motion.

JUDGMENT AFFIRMED.

STEPHAN and SATZ, JJ., concur.